

**THE SUPREME COURT OF TEXAS**
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

April 25, 2014

Mr. Rex A. Nichols
Nichols & Nichols, P.C.
1703 Judson Road
Longview, TX 75601

Mr. Andrew George Khoury
Andrew G. Khoury, P.C.
P. O. Box 1151
Longview, TX 75606-1151

Mr. Mike A. Hatchell
Locke Lord LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701-2748

FILED IN COURT OF APPEALS
12th Court of Appeals District

APR 2 8 2014

TYLER TEXAS
CATHY S. LUSK, CLERK

RE:     Case Number: 11-1021
        Court of Appeals Number: 12-09-00260-CV
        Trial Court Number: 97-1009-B

Style:  LARRY T. LONG, L. ALLAN LONG, AND B. VIRGINIA LONG, IN THEIR
        CAPACITIES AS TRUSTEES OF THE LAWRENCE ALLAN LONG TRUST, THE
        CHARLES EDWARD LONG TRUST, THE LARRY THOMAS LONG TRUST AND
        THE JOHN STEPHEN LONG TRUST D/B/A THE LONG TRUSTS
        v.
        ROBERT M. GRIFFIN, ROBERT M. GRIFFIN, JR., CHARLES W. CONRAD,
        MARVIN OGILVIE, AND MARIE OGILVIE

Dear Counsel:

Today the Supreme Court of Texas issued an opinion and judgment in the above-
referenced cause. You may obtain a copy of the opinion and judgment through Case Search on
our Court's webpage at: http://www.supreme.courts.state.tx.us/. On the Case Search page
simply enter the case number and push the Search button to find the docket page for your case.

If you prefer that we email you a copy of the opinion and judgment, please contact our
Chief Deputy Clerk, Claudia Jenks at claudia.jenks@txcourts.gov.

Sincerely,

Blake A. Hawthorne, Clerk
by Claudia Jenks, Chief Deputy Clerk

cc:  Ms. Barbara Duncan
     Ms. Cathy S. Lusk

12-09-00240 CV

# IN THE SUPREME COURT OF TEXAS

No. 11-1021

FILED IN COURT OF APPEALS
12th Court of Appeals District

APR 28 2014

TYLER, TEXAS
CATHY S. LUSK, CLERK

LARRY T. LONG, L. ALLAN LONG, AND B. VIRGINIA LONG, IN THEIR CAPACITIES AS TRUSTEES OF THE LAWRENCE ALLAN LONG TRUST, THE CHARLES EDWARD LONG TRUST, THE LARRY THOMAS LONG TRUST AND THE JOHN STEPHEN LONG TRUST D/B/A THE LONG TRUSTS, PETITIONERS,

v.

ROBERT M. GRIFFIN, ROBERT M. GRIFFIN, JR., CHARLES W. CONRAD, MARVIN OGILVIE, AND MARIE OGILVIE, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

**PER CURIAM**

This appeal involves the evidence required to prove the reasonableness and necessity of attorney's fees under the lodestar method. The parties raise an additional issue regarding postjudgment interest we do not reach. This Court has made clear that a party choosing the lodestar method of proving attorney's fees must provide evidence of the time expended on specific tasks to enable the fact finder to meaningfully review the fee application. Here, the affidavit supporting the fee application generally stated the categories of tasks performed, but the application failed to include any evidence containing the requisite specificity. Accordingly, we reverse the court of appeals' judgment and remand to the trial court for a redetermination of attorney's fees.

Robert M. Griffin, Robert M. Griffin, Jr., Marvin and Marie Ogilvie, and Charles Conrad (collectively the "Griffins") sued Larry T. Long, L. Allan Long, and B. Virginia Long in their capacities as trustees of the Lawrence Allan Long Trust, the Charles Edward Long Trust, the Larry Thomas Long Trust, and the John Stephen Long Trust (collectively the "Long Trusts"). The Griffins' suit included several claims relating to their participation with the Long Trusts in certain oil and gas ventures. The key claim at issue here is the Griffins' assignment claim, which involved an agreement between the Griffins and the Long Trusts for the Griffins to pay a portion of drilling and operating costs in exchange for an assignment of a partial working interest in producing wells. The Griffins allege that the Long Trusts failed to assign the working interest due them under the assignment agreements. In 2001, the Griffins' attorney filed an affidavit supporting the Griffins' request for attorney's fees. The affidavit indicated the Griffins' two attorneys spent 644.5 hours on the suit for a total fee of $100,000 based upon their hourly rates. Further, the affidavit segregated the time spent on each claim, with 30% spent on the assignment claim. But the affidavit indicated the assignment issue was inextricably intertwined with claims on which the attorneys spent 95% of their time.

Following a bench trial in 2003, the trial court largely ruled for the Griffins and awarded them $35,000 in attorney's fees. The court of appeals modified the judgment in several respects and affirmed it. 144 S.W.3d 99, 112. We reversed the court of appeals' judgment in part. 222 S.W.3d 412, 417 (Tex. 2006). We held that (1) under the assignment claim, because the assignment agreements did not comply with the Statute of Frauds, the agreements could not be enforced for future wells, and (2) the Griffins were not entitled to prevail on a separate claim involving a

2

litigation agreement with the Long Trusts. *Id.* at 416–17. Because we modified the Griffins'
recovery on appeal, we remanded for the trial court to redetermine the attorney's fee award. *Id.* at
417.

On remand, the trial court considered the affidavit on file and awarded the Griffins $30,000
in attorney's fees, with postjudgment interest to accrue from the date of that final judgment in 2009.
The court of appeals found legally and factually sufficient evidence supporting the attorney's fee
award but modified the judgment to accrue interest from the original, erroneous trial court judgment
in 2003. __ S.W.3d __, __.

The Long Trusts petitioned this Court for review, asserting that (1) no legally sufficient
evidence supports the amount of the attorney's fee award, and (2) postjudgment interest should
accrue from the final judgment in 2009. Because we agree that no legally sufficient evidence
supports the amount of the attorney's fee award, we do not reach the postjudgment interest issue.
We remand for the trial court to redetermine the attorney's fee award.

Because the Griffins did not ultimately prevail on all of their assignment claim, the Long
Trusts assert that no evidence supports the amount of the attorney's fee award. The Griffins respond
that the assignment issue was inextricably intertwined with other issues in the case and that, even
though it did not prevail on its declaratory judgment claim, the attorney's fee award was equitable
and just under the Declaratory Judgment Act. Because the Griffins offered no evidence of the time
expended on particular tasks, as we have required when a claimant elects to prove attorney's fees
via the lodestar method, we agree with the Long Trusts that the Griffins did not provide the trial
court with legally sufficient evidence to calculate a reasonable fee.

The Griffins brought two claims that could ultimately support an attorney's fee award. The Griffins' assignment issue included a claim for breach of an agreement, for which reasonable and necessary attorney's fees are recoverable under Texas Civil Practice and Remedies Code Chapter 38, subject to additional limitations. TEX. CIV. PRAC. & REM. CODE § 38.001(8). Also, the Griffins brought a claim under the Texas Uniform Declaratory Judgment Act, which allows trial courts to "award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009; *see Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Thus, under either their contract or declaratory judgment claim, the Griffins were required to prove the reasonableness and necessity of the attorney's fees the trial court awarded. TEX. CIV. PRAC. & REM. CODE §§ 37.009, 38.001(8).

The affidavit supporting the Griffins' request for attorney's fees used the lodestar method by relating the hours worked for each of the two attorneys multiplied by their hourly rates for a total fee. We explained in *El Apple I, Ltd. v. Olivas* that generalities about tasks performed provide insufficient information for the fact finder to meaningfully review whether the tasks and hours were reasonable and necessary under the lodestar method. 370 S.W.3d 757, 763 (Tex. 2012). Sufficient evidence includes, at a minimum, evidence "of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Id.* at 764. Because the testimony in *El Apple* only included the total number of hours worked and generalities about discovery and the length of trial, we remanded for a redetermination of attorney's fees. *Id.* at 765. We noted that contemporaneous records might be unavailable on remand and advised the attorneys to reconstruct their work to provide the trial court with the information to meaningfully review the fee request. *Id.* at 764.

4

Likewise, in *City of Laredo v. Montano*, we reversed and remanded to redetermine attorney's fees when the attorney testified to the time expended and the hourly rate but failed to provide evidence of the time devoted to specific tasks. 414 S.W.3d 731, 736–37 (Tex. 2013).

Here, as in *El Apple* and *Montano*, the affidavit supporting the request for attorney's fees only offers generalities. It indicates that one attorney spent 300 hours on the case, another expended 344.50 hours, and the attorneys' respective hourly rates. The affidavit posits that the case involved extensive discovery, several pretrial hearings, multiple summary judgment motions, and a four and one-half day trial, and that litigating the matter required understanding a related suit that settled after ten years of litigation. But no evidence accompanied the affidavit to inform the trial court the time spent on specific tasks. *See El Apple*, 370 S.W.3d at 763. The affidavit does claim that 30% of the aggregate time was expended on the assignment claim (part of which the Griffins prevailed on) and that the assignment issue was inextricably intertwined with matters that consumed 95% of the two attorneys' time on the matter. But without any evidence of the time spent on specific tasks, the trial court had insufficient information to meaningfully review the fee request. *Montano*, 414 S.W.3d at 736–37; *El Apple*, 370 S.W.3d at 764. We note that here, as in *El Apple*, contemporaneous evidence may not exist. But the attorneys may reconstruct their work to provide the trial court with sufficient information to allow the court to perform a meaningful review of the fee application. *El Apple*, 370 S.W.3d at 764.

In addition to the lodestar method, the attorney's fee affidavit also indicates the Griffins and their attorneys agreed to a 35% contingency fee arrangement, which the affidavit claims is reasonable and customary for such a suit. Even if supporting evidence is not required for the

contingency fee method of proof (as it is for the lodestar method), the contingency fee method cannot support the trial court's fee award here because the final judgment awarded no monetary relief except for attorney's fees. Because the contingency fee method cannot support the trial court's fee award, and no legally sufficient evidence supports the award under the lodestar method, we remand to redetermine attorney's fees.

The Long Trusts also complain that the court of appeals erred in awarding postjudgment interest from the original, erroneous trial court judgment. Because we are remanding for the trial court to consider additional evidence of attorney's fees, we need not reach this issue. We are confident that, on remand, the lower courts will apply the principles we clarified in *Long v. Castle Texas Production Limited Partnership*, __ S.W.3d __ (Tex. 2014), to properly assess the date from which postjudgment interest accrues.

In sum, under the lodestar method, no legally sufficient evidence supports the amount of attorney's fees the trial court awarded because no evidence indicates the time expended on the specific tasks for which attorney's fees may be recovered. Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand to the trial court for a redetermination of attorney's fees consistent with this opinion.

**OPINION DELIVERED: April 25, 2014**

# IN THE SUPREME COURT OF TEXAS

FILED IN COURT OF APPEALS
12th... Appeals District

APR 2 8 2014

TYLER TEXAS
CATHY S. LUSK, CLERK

No. 11-1021

LARRY T. LONG, L. ALLAN LONG, AND B. VIRGINIA LONG, IN THEIR CAPACITIES AS TRUSTEES OF THE LAWRENCE ALLAN LONG TRUST, THE CHARLES EDWARD LONG TRUST, THE LARRY THOMAS LONG TRUST AND THE JOHN STEPHEN LONG TRUST D/B/A THE LONG TRUSTS, PETITIONERS,

v.

ROBERT M. GRIFFIN, ROBERT M. GRIFFIN, JR., CHARLES W. CONRAD, MARVIN OGILVIE, AND MARIE OGILVIE, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

## JUDGMENT

THE SUPREME COURT OF TEXAS, having heard this cause on petition for review from the Court of Appeals for the Twelfth District, and having considered the appellate record and counsels' briefs, but without hearing oral argument under Texas Rule of Appellate Procedure 59.1, concludes that the court of appeals' judgment should be reversed.

IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that:

1) The court of appeals' judgment is reversed;

2) The cause is remanded to the trial court for further proceedings consistent with this opinion;

3) Larry T. Long, L. Allan Long, and B. Virginia Long, In Their Capacities as Trustees of The Lawrence Allan Long Trust, The Charles Edward Long Trust, The Larry Thomas Long Trust and The John Stephen

Long Trust d/b/a The Long Trusts shall recover, and Robert M. Griffin, Robert M. Griffin, Jr., Charles W. Conrad, Marvin Ogilvie, and Marie Ogilvie shall pay, the costs incurred in this Court; and

4)      The court of appeals' opinion is ordered published.

Copies of this judgment and the Court's opinion are certified to the Court of Appeals for the

Twelfth District and to the District Court of Gregg County, Texas, for observance.

Opinion of the Court delivered Per Curiam

April 25, 2014

\*\*\*\*\*\*\*\*\*\*

2