**Affirmed; Opinion Filed September 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00295-CV

### IN THE INTEREST OF: E.B., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-03980 U**

# MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

Appellant Ramesh Bhatnagar appeals the decision of the trial court to award attorney's fees to his former wife, appellee Adriana Bhatnagar.[1]  Appellant contends that the trial court abused its discretion and requests that this Court reverse the decision to award fees and remand for further hearings.  We affirm the judgment of the trial court.

## BACKGROUND

Appellant and appellee married and had a child, E.B.  In 2010, appellee filed for divorce and the trial court rendered an Agreed Final Decree of Divorce.  In 2012, appellant sought to modify the parent-child relationship and appellee filed a counter-petition to modify the parent-child relationship as well.

---

[1] Three issues were initially raised on appeal by appellant.  By letter dated August 20, 2015, however, appellee advised the Court that the parties agreed to the trial court's modification of an order which made points of error one and two moot.  Accordingly, this opinion only addresses issue three.

A trial date was set for October 7, 2013. Although appellant was granted permission to appear at trial by Skype, he failed to appear either electronically or in person although he was represented by counsel. As appellee sought recovery of her attorney's fee, her counsel, Melton Myers, testified at the conclusion of the trial. Myers testified that he began representing appellee in October 2012 and that he provided a redacted copy of his billing statements to everyone. The statements, however, were not admitted into evidence. Myers testified that 82.3 hours of his time and 10.28 hours of clerical time were spent on this case. Myers further testified that, due to the numerous hearings in this case, total fees were owed in the amount of $19,057.50. In addition, appellee owed costs of $1,572.94. Appellant's counsel neither objected to Myers's testimony, nor asked him any questions, nor called any of his own witnesses. The trial court awarded appellee her attorney's fees and costs. Appellant then filed this appeal.

## ANALYSIS

### A. Standard of Review

Most appealable issues in a family law case, including the award of attorney's fees, are evaluated under an abuse of discretion standard. *See In re R.C.S.*, 167 S.W.3d 145, 152 (Tex. App.—Dallas 2005, pet. denied) (award of attorney's fees in suit for modification of parent-child relationship reviewed for abuse of discretion); *see also Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex. App.—Dallas 1999, no pet.) ("We give wide latitude to a trial court's decision on custody, control, possession and visitation matters. We reverse the trial court's decision only if it appears from the record as a whole that the trial court abused its discretion."). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding principles. *In re E.A.C.*, 162 S.W.3d 438, 441 (Tex. App.—Dallas 2005, no pet.).

In family law cases, the abuse of discretion standard overlaps with the traditional sufficiency standards of review. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009,

no pet.).  As a result, insufficiency of the evidence is not an independent ground for asserting error, but is a relevant factor in assessing whether  the trial court abused its discretion.  *Day v. Day*, 452 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).  Because of this overlap between the abuse of discretion and sufficiency of the evidence standards of review, the courts engage in a two-pronged approach to determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of that discretion. *Id.*

### B.      Analysis

Appellant argues that the trial court abused its discretion in awarding appellee her attorney's fees because the evidence at trial was insufficient under the standard established by *Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014).  We disagree.

In *Long*, the supreme court addressed the evidence required to prove the reasonableness and necessity of attorney's fees under the lodestar method.  *Id.*  Ultimately, the supreme court held that a party choosing the lodestar method of proving attorney's fees must provide evidence of the time expended on specific tasks to enable the fact finder to meaningfully review the fee application.  *Id.*  As the attorneys had failed to provide sufficient evidence of the time expended on the specific tasks for which the fees could be recovered, the supreme court held the evidence was legally insufficient.  *Id.* at 256.

In this case, however, appellee used the traditional method to prove up the reasonableness of her attorney's fees and, as such, the supreme court's holding in *Long* is inapplicable.  As this case involved the parent-child relationship under Title 5 of the family code, appellee was entitled to seek reasonable attorney's fees and expenses.  *See* TEX. FAM. CODE ANN. § 106.002 (West 2014) ("In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an

attorney."). Texas court have allowed parties to prove their attorney's fees under this section of the family code using the traditional method. *In re A.B.P.*, 291 S.W.3d at 98–99.

Under the traditional method, the court looks to the following factors to determine the amount of the award: (1) the time, labor and skill required to properly perform the legal service; (2) the novelty and difficulty of the questions involved; (3) the customary fees charged in the local legal community for similar legal services; (4) the amount involved and the results obtained; (5) the nature and length of the professional relationship with the client; and (6) the experience, reputation and ability of the lawyer performing the services. *Id*. at 98. A trial court is not required to receive evidence of each of these factors. *Id*. Further, testimony from a party's attorney about a party's attorney's fees is taken as true as a matter of law if the testimony is not contradicted by any other witness and is clear, positive, direct and free from contradiction. *Id.* Myers testified about his attorney's fees and costs at the conclusion of the trial as follows:

> As you know, my name is Melton Myers. I'm licensed to practice law in the State of Texas, and I've been practicing over twenty years here. I've represented [appellee] in this case, and I agreed to take this case at an hourly rate of $225 an hour for myself and $50 an hour for clerical assistance. This case began in October of 2012. I believe I've provided a copy of--a redacted copy, at least, of my billing statements to everyone. There's been - - as everyone has testified there's been multiple, multiple hearings in this case. Total charges have been 82.3 hours of my time and 10.28 hours of clerical time. Expenses for subpoenas to Ms. Bergin, Ms. Guardiola and Truesdale of $75 and $86 respectively. We paid for the court reporter when Ms. Kashyap flew down here from Canada. We paid for a court reporter in the court that day. That cost us $1,007.40. And then with the many different hearings that we've had, the parking alone has come to $116. Copy costs for the various hearings and for this one, $83.80 and $73.50. Minimum posting, we used couriers for hand-delivery on a lot of the documents, especially discovery $110. The total comes to $20,630.44, and we're asking the Court to award those attorney's fees to [appellee] to be paid by [appellant].

During his testimony, Myers provided evidence regarding several of the factors listed above. Further, appellant did not object to any of Myers's testimony nor did his attorney cross-examine Myers. Finally, appellant's attorney did not offer any witness to contradict Myer's testimony. Accordingly, we conclude that appellee provided sufficient, uncontradicted evidence establishing

–4–

her attorney's fees and that the trial court did not abuse its discretion in awarding such fees to appellee.

## CONCLUSION

We resolve appellant's sole issue against him and affirm the trial court's judgment.

140295F.P05

/ David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF E.B., A CHILD,

No. 05-14-00295-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-10-03980 U.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee recover her costs of this appeal from appellant.

Judgment entered this 29th day of September, 2015.