**AFFIRM in part; REVERSE and REMAND in part; and Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00922-CV

## IN THE INTEREST OF K.T.P. AND E.M.P., CHILDREN

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-54261-2015**

## MEMORANDUM OPINION
Before Justices Francis, Schenck, and Richter[1]
Opinion by Justice Francis

Father appeals the trial court's order granting Mother's motion to decline jurisdiction due to inconvenient forum. Father brings four issues generally challenging the sufficiency of the evidence to support the order. We affirm the order in part and reverse and remand in part.

An agreed final decree of divorce was signed by Father, Mother, and the trial judge on March 11, 2016. The decree was rendered in accordance with a mediated settlement agreement between Mother and Father and it authorized Mother to relocate her residency to North Carolina with the parties' children, K.T.P. and E.M.P. Forty-eight days after the decree was signed, Father filed a petition to modify the parent-child relationship seeking to prevent Mother and the children from moving.

---

[1] The Hon. Martin Richter, Justice, Assigned

Mother answered and moved to dismiss the petition for failure to include an affidavit with supporting facts as required by sections 156.006 and 156.102 of the Texas Family Code. Father then filed an amended petition attaching an affidavit. In his amended petition, Father sought temporary orders to restrict the residence of the children to Collin County, Dallas County, or Frisco ISD, Texas. A hearing was conducted on May 25, 2016, at which both Mother and Father testified and documentary evidence was introduced. Based on the evidence submitted and the arguments made, the trial court denied Father's request for temporary orders. Shortly thereafter, Mother and the children moved to Mecklenburg County, North Carolina

Ten months later, in March 2017, Father filed a Motion for Discovery Control Plan and Request for Trial Setting. In response, Mother filed a verified Motion to Decline Jurisdiction Due to Inconvenient Forum under section 152.207 of the Texas Family Code. In the verified motion, Mother addressed the various factors to be considered by the court when determining whether Collin County was an inconvenient forum. Mother stated: (1) she and the children had been residing in North Carolina for approximately ten months; (2) they intended to continue to reside in North Carolina; (3) Mother had been a stay-at-home mom in Texas, but was currently employed in North Carolina; (4) the children were enrolled in school and daycare in North Carolina; (5) they had established relationships with primary care physicians in North Carolina; (6) they had many family members living in North Carolina with whom they were close; (7) the distance between Mother's residence and the court in Collin County was about 1,050 miles; (8) travel to court in Collin County would place a financial burden on Mother; (9) Father's income was roughly seven times greater than Mother's; (10) Mother was the primary caretaker of the children; (11) Father regularly traveled to North Carolina for work and to exercise possession of the children; (12) going forward with the suit in North Carolina would pose no hardship on Father; (13) the facts and witnesses, both lay and expert, were all outside of Texas with the exception of Father; and (14)

since nothing had occurred with respect to Father's modification petition in nearly a year, the Collin County court would not be any more familiar with the relevant facts than a court in North Carolina.

Father responded to the motion stating: (1) the children had resided in Texas for most of their lives; (2) Mother and the children's absence from the state and their distance from the Collin County court was due to Mother's choice to move to North Carolina; (3) the court could take judicial notice of the divorce decree showing each party was in "the same financial circumstance regarding their net worth" at the time of the divorce; (4) the only evidence in North Carolina was evidence created since the case began; and (5) the Collin County court had the familiarity and expertise necessary to handle the case. Both sides also presented briefing on relevant Texas case law.

The trial court conducted a hearing and Father and counsel for both parties appeared. At the hearing, each side discussed with the judge the statutory elements to be considered and the facts supporting each element. Counsel for Father repeatedly referred to "the evidence" before the court and objected to certain evidence discussed by counsel for Mother on the basis that it had not been previously produced in discovery. Counsel did not, however, obtain a ruling on any of these objections. At the end of the hearing the judge stated, "I think you are familiar with what the Court is struggling with. I think I've tried to focus you on the factors that I find to be the biggest dispute. So, I still feel like I need more information." The judge then asked counsel to submit information on the North Carolina court system and "anything else you think might be persuasive to me." Both lawyers stated they could get the information to the court by the following week.

Mother and Father submitted supplemental briefing as requested with Father's focusing solely on the issue of whether the matter could be handled expeditiously in North Carolina. Mother compared the two jurisdictions' abilities to handle the matter and also reviewed other relevant

factors under section 152.207, outlining facts she believed weighed in favor of the Texas court declining jurisdiction. Mother's counsel requested attorney's fees and submitted an affidavit in support of that request.

Lake Norman Law Firm, a small firm located Mecklenburg County, North Carolina, filed an amicus brief addressing the local rules and procedures for expediting certain custody matters and the standards for modifying a custody order in North Carolina. On May 9, 2017, the trial court signed an order granting the motion to decline jurisdiction stating North Carolina was the more appropriate forum. The court also awarded mother $14,294.29 in attorney's fees.

On May 30, Father filed a request for findings of fact and conclusions of law. One week later, Father filed a motion for new trial arguing the evidence was legally and factually insufficient to support the court's order. Specifically, Father contended there was "no evidence whatsoever to support the court's orders since there was no evidentiary hearing held." Father additionally challenged the legal and factual sufficiency of the evidence to support the award of attorney's fees.

The trial court signed findings of fact and conclusions of law on June 21. Father's motion for new trial was overruled by operation of law. Father then brought this appeal.

In his first issue, Father contends the trial court erred in granting Mother's motion to decline jurisdiction because no evidence was offered or admitted at the hearing that would support the court's decision. A court in this state that has jurisdiction to make a child custody determination may decline to exercise its jurisdiction at any time if it determines it is an inconvenient forum and a court of another state is a more appropriate forum. *See* TEX. FAM. CODE ANN. § 152.207. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or by request of another court. *Id.* Before determining whether it is an inconvenient forum, the court must consider whether it is appropriate for a court of another state

to exercise jurisdiction. *Id*. For this purpose, the court must allow the parties to submit information and then consider all relevant factors, including:

> (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) the length of time the child has resided outside this state;
>
> (3) the distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) the relative financial circumstances of the parties;
>
> (5) any agreement of the parties as to which state should assume jurisdiction;
>
> (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (8) the familiarity of the court of each state with the facts and issues in the pending litigation.

*Id*.

We review a trial court's determination on the forum issue for an abuse of discretion. *See Barabarawi v. Rayyan*, 406 S.W.3d 767, 774 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In family law cases, because the abuse of discretion standard of review overlaps with traditional sufficiency of the evidence standards, legal and factual sufficiency are not independent grounds of reversal. *Lesem v. Mouradian*, 445 S.W.3d 366, 373 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

Section 152.207 allows trial courts to make a forum determination based on submitted information. See TEX. FAM. CODE ANN. § 152.207. Numerous cases have concluded it is not necessary for the trial court to conduct an evidentiary hearing under section 152.207. *See Lesem*, 445 S.W.3d at 376. Despite this, Father contends the trial court erred in making its decision when no evidence was offered or admitted at the hearing on Mother's motion. Father argues that,

although section 152.207 states the parties may "submit information," the rules of evidence must apply to any information submitted. We conclude it is unnecessary for us to address this argument, because Father failed to preserve this issue for review.

To preserve an issue for appellate review, a party must: (1) present to the trial court a timely request, objection, or motion; (2) state the specific grounds therefore; and (3) obtain a ruling. TEX. R. APP. P. 33.1. An objection is considered timely when it is asserted at the earliest opportunity. *See Matbon, Inc. v. Gries*, 288 S.W.3d 471, 490 (Tex. App.—Eastland 2009, no pet.). Raising the objection for the first time in a motion for new trial does not satisfy the contemporaneous objection rule if the complaint could have been urged earlier. *Id.*; *In re D.W.*, No. 04-05-00927-CV, 2006 WL 2263907, at *1 (Tex. App.—San Antonio Aug. 9, 2006, no pet.).

It was clear at the hearing that the court was considering the information submitted in Mother's verified motion and Father's response when making its forum determination. Indeed, during the hearing, counsel for Father repeatedly referenced this information as being the evidence before the court. Although Father's counsel at one point stated that "argument isn't evidence," at no point did he object to the court's consideration of the facts set out in Mother's verified motion on the basis that her submitted information wasn't proper evidence. Father's only objection – on which he did not obtain a ruling – was that the court should not consider Mother's assertions regarding the location of fact witnesses or her financial status because she had not responded to discovery requests on those matters. When the court requested more information be submitted, Father complied without raising any objections regarding the application of the rules of evidence. Father said nothing until after the trial court ruled against him on the forum issue. We conclude that, by not only failing to object, but also fully participating in the trial court's consideration of information that was neither offered nor admitted under the rules of evidence, Father has failed to preserve the evidentiary challenge presented in his first issue. We resolve the issue against him.

In his second issue, Father contends the information submitted to the trial court does not support its decision to decline to exercise jurisdiction. With respect to matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless we conclude there was only one conclusion the court could have reasonably reached. *See In re Meekins*, 550 S.W.3d 729, 742 (Tex. App.—Houston [1st Dist.] 2018, no pet.). An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence supports its decision. *Id.*

The information before the court included the fact that the parties agreed Mother and the children could move to North Carolina and they had been residing there for approximately ten months at the time of the hearing. Father had an income between $400,000 and $500,000 per year and regularly travelled to North Carolina. In comparison, Mother's income was only $60,000 per year and she was the primary caretaker of their young children. The distance between Mother and the Texas court was sixteen hours by car or nearly three hours by plane. All witnesses, other than Father, with knowledge of the children's present circumstances were located in North Carolina. Mecklenburg County had eight specialized family law courts and local rules which provided for expeditious handling of cases such as this. Finally, the burden of proof and discovery deadlines in Mecklenburg County were the same as or similar to those applied in Texas.

Based on this, and other similar information submitted by the parties, the trial court concluded that a family court in North Carolina was in a better position to handle the modification proceeding and would be equally familiar with the relevant facts of the case. The court further concluded that continuing to litigate in Collin County would be an undue burden and financial hardship for Mother, while it would be no hardship for Father to litigate the matter in North Carolina.

Father does not dispute the accuracy of the information recited above. He simply argues certain factors should be weighed differently based on things such as the length of time the children lived in Texas, the financial settlements received in the divorce, and the trial court's familiarity with the case. Father notes that some of the information submitted by Mother was not provided to him in response to discovery requests. He did not, however, obtain a ruling from the trial court on his discovery objections and he makes no argument on appeal regarding this issue. *See* TEX. R. APP. P. 33.1 & 38.1(i). Although Father contends some of the submitted information must be weighed in favor of the trial court retaining jurisdiction, we conclude the record contains ample facts to support the court's conclusion that North Carolina was the more convenient forum. *See In re Meekins*, 550 S.W.3d at 743. We resolve Father's second issue against him.

In his third issue, Father challenges the sufficiency of the evidence supporting all sixty-one of the trial court's findings of fact. Generally, Father makes the same argument he did in his first issue – that there is insufficient evidence to support the trial court's findings because the information submitted to the court was neither offered nor admitted under the rules of evidence. Again, we conclude Father failed to preserve this argument for review.

With respect to five of the trial court's findings, however, Father makes the additional argument that no information was submitted to support them and the matters addressed in those findings were not before the court. The five individually challenged findings are:

> 7. [Father's] Amended Petition to Modify sought to modify the designation of the person having the exclusive right to designate the primary residence of the children within a year of the Parties' signing of a mediated settlement agreement.
>
> 8. [Father's] request for temporary orders found in his Amended Petition would have the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the children under the Parties' Agreed Final Decree of Divorce.
>
> 10. There has been no material and substantial change in circumstances since the Parties' signing of the Mediated Settlement Agreement.

11. The modification requested by [Father] is/was not necessary because the children's present environment or circumstances does not and would not significantly impair the children's physical health or emotional development.

12. The Court's denial of [Father's] requested temporary orders was in the best interest of the children.

These findings pertain to the substance and merits of Father's petition to modify. The merits of the petition are irrelevant to the forum determination and any findings on the petition's merits are unnecessary to the court's ruling. Unnecessary findings are not binding. *See Hebert Acquisitions, LLC v. Tremur Consulting Contractors, Inc.*, No. 03-09-00385-CV, 2011 WL 350466 , at *10 (Tex. App.—Austin Feb. 4, 2011, no pet.) (mem. op.); *see also*, *Landerman v. State Bar of Texas*, 247 S.W.3d 426, 431 (Tex. App.—Dallas 2008, pet. denied). Because they are irrelevant to the court's decision and not binding on future proceedings, the unnecessary findings, even if unsupported, are harmless and do not provide a basis for reversing the trial court's decision. *See Cooke Cty. Tax Appraisal Dist. v. Teel*, 129 S.W.3d 724, 731 (Tex. App.—Fort Worth 2004, no pet.). We resolve Father's third issue against him.

In his final issue, Father challenges the sufficiency of the evidence supporting the trial court's award of attorney's fees to Mother. Although Mother requested attorney's fees in the prayer of her motion, she submitted no evidence to support the request until one week after the hearing on the motion. The trial court signed the order awarding Mother fees four business days after the affidavit was filed. Father objected to the fee award in his motion for new trial.

Mother argues Father waived his objections to the evidence supporting the fee award by failing to timely raise the issue in the trial court. We disagree. Unlike Father's challenge to the evidence supporting the trial court's forum determination, Father could not have objected to the attorney's fees affidavit at the hearing because the affidavit had not yet been submitted. The order granting the fee request was signed very shortly after the affidavit was filed. As a practical matter, Father's first real opportunity to object to the affidavit was in his motion for new trial.

Accordingly, we conclude Father's objections to the affidavit were timely and preserved his complaint for review. *See Thomas v. Oldham*, 895 S.W.2d 352, 358 (Tex. 1995).

Father asserts the affidavit submitted by Mother's counsel is not sufficient to show the fees awarded were reasonable and necessary. The affidavit states "[t]he attorneys, paralegals, and legal assistants have the experience which justifies their hourly rates" and "the hourly rates are reasonable, necessary and customary for fees charged in this family law matter." The affidavit does not, however, set out any of the hourly rates actually charged. The affidavit lists the factors generally examined to determine the reasonableness and necessity of fees, but does apply those factors to the facts of the case. Finally, Mother's attorney states "[i]n my opinion, the reasonable value of attorney's fees, costs and expenses reasonably and necessarily incurred for defending such an action as this by the client through April 27, 2017 were [sic] $22,444.00 in time and expenses." Nowhere does the affidavit discuss what work was performed in the case, how many hours were spent, or by whom the work was performed. Although the affidavit states a copy of the billing records was provided to counsel for Father, the record does not show that any billing records were submitted to the trial court. In its findings of fact and conclusions of law, the trial court recites the statements made in the affidavit and concludes "[g]ood cause exists to award $14,294.29 to [Mother] as reasonable attorney's fees and expenses."

By referring to hourly rates, it is apparent Mother's counsel is using the lodestar method of calculating attorney's fees. *See Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). The Texas Supreme Court has explained that, under this method, "generalities about tasks performed provide insufficient information for the fact finder to meaningfully review whether the tasks and hours were reasonable and necessary." *Id.* Sufficient evidence includes, at a minimum, evidence of the work performed, who performed it and at what hourly rate, when the work was performed, and how much time the work required. *Id.* The affidavit submitted by Mother's counsel failed to

–10–

include any of this information.  Accordingly, we conclude the evidence is insufficient to support the attorney's fees award to Mother.  We resolve Father's fourth issue in his favor.

We reverse the portion of the trial court's order awarding attorney's fees and expenses to Mother and remand the case to the trial court for a redetermination on that issue.  *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012).  We affirm the trial court's order in all other respects.


 /Molly Francis/
MOLLY FRANCIS
JUSTICE


170922F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.T.P. AND
E.M.P., CHILDREN

No. 05-17-00922-CV

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-54261-2015.
Opinion delivered by Justice Francis.
Justices Schenck and Richter participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order awarding attorney's fees and expenses. In all other respects, the trial court's order is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered December 21, 2018.