**AFFIRMED as MODIFIED in part; SUGGEST REMITTITUR in part; and Opinion Filed January 13, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00020-CV**

**THB CONSTRUCTION, LLC AND TRAVIS MICHAEL BONEY, Appellants**
**V.**
**HOLT TEXAS, LTD. D/B/A HOLT CAT, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08917**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellants THB Construction, LLC (THB) and Travis Michael Boney appeal

from the trial court's judgment for appellee Holt Texas, LTD d/b/a Holt Cat (Holt).

In four issues, appellants challenge the legal and factual sufficiency of the evidence

supporting the trial court's attorney's fees award, the basis for the damages award

against Boney, and the pre- and post-judgment interest rate. We affirm in part and

suggest remittitur as to the attorney's fees award.

## BACKGROUND

Holt sells and rents heavy equipment, sells equipment parts, and offers repair and maintenance services. In 2012, Boney, as president of THB, signed an Open-End Account Agreement (OEAA) to obtain credit for "the purchase, lease, or rental" of equipment and services offered by Holt. Boney also signed a guaranty agreement to "individually, personally and unconditionally" guarantee payment of charges due to Holt for goods or services provided to THB, obligations incurred under the OEAA, and "all other indebtedness which is owed by [THB] to any of the Holt entities, whether now existing or hereafter arising."

Holt provided equipment and services to THB. When THB did not pay for the equipment and services, Holt sent a demand letter to Boney. When payment was still not forthcoming, Holt filed suit bringing claims against THB for breach of contract, against THB and Boney for quantum meruit, and against Boney for breach of the guaranty. Two years later, Holt amended its petition to add a claim against THB for suit on sworn account. Holt also sought attorney's fees under section 38.001 of the civil practice and remedies code. Appellants answered, and a jury trial was held on July 8, 2019.

The jury found that Holt and THB did not agree to the terms of the OEAA, but that Holt should recover $6,500 for goods and services provided to THB under a quantum meruit theory. The jury further found that Boney breached the terms of the guaranty and that $6,500 would fairly and reasonably compensate Holt for the

breach. The jury also decided Holt's request for attorney's fees, finding the reasonable and necessary fee for services though trial was $175,500.[1]

Holt moved for partial judgment notwithstanding the verdict, contending there was no evidence to support the jury's limited damage finding and requesting all of its pleaded damages. Alternatively, Holt asked the trial court to enter judgment on the jury's verdict. In both requests, Holt sought pre- and post-judgment interest at 18% per annum. Appellants also filed a motion for partial judgment notwithstanding the verdict. In their motion, appellants asked the trial court to modify the judgment to set aside the jury's fee determination or suggest remittitur of the fee award to reduce the attorney's fees "in the range of $140,000.00 - $150,000.00 for representation through the trial."

The trial court entered its final judgment on October 18, 2019, consistent with the jury's findings and imposing pre- and post-judgment interest of 18% per annum. On October 29, 2019, appellants filed a motion to modify, correct, or reform the judgment, asking the trial court to vacate the fee award or suggest a remittitur "of attorney's fees in the range of . . . $30,000.00 - $40,000.00 for representation through the trial." Over a month later, on December 2, 2019, appellants filed a first amended motion to modify, correct, or reform the judgment. The amended motion deviated from appellants' initial motion in three regards. First, appellants reduced

---

[1] The jury also determined fee amounts for post-judgment, appellate, and collection services. These amounts are not at issue on appeal.

their remittitur of fees to "the range of . . . $5,000.00 - $10,000.00 for representation through the trial." Second, appellants asked the trial court to "reduce the interest rate to no more than 5% per annum." Finally, appellants sought to "delete Travis Boney's name from the judgment." Despite these changes to the requested relief, appellants' amended motion contained no change to the substantive argument. Holt moved to strike appellants' amended motion as untimely and objected that the amended motion was "nearly identical" to appellants' motion for partial judgment notwithstanding the verdict. Holt further argued that its attorney's fees evidence was sufficient, and suggestion of remittitur was not necessary.

The trial court granted Holt's motion to strike, struck appellants' amended motion, and denied appellants' original motion to modify, correct, or reform the judgment. This appeal followed.

## ANALYSIS

In four issues, appellants contend the evidence supporting the trial court's attorney's fee award was legally, and factually insufficient, there was no basis on which to hold Boney liable for damages under the quantum meruit theory, and there was no basis to support the trial court's award of pre- and post-judgment interest at 18% per annum. We address each issue in order.

### A. Sufficiency of the Fee Evidence

In their first issue, appellants contend Holt's evidence in support of the fee request was legally insufficient. We review the legal sufficiency of evidence to

support a jury finding under the well-established standard set out in *City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005). A legal-sufficiency point will be sustained when the record demonstrates (1) a complete absence of evidence of a vital fact, (2) the only evidence offered to prove a vital fact is barred from consideration by rules of law or evidence, (3) the evidence offered to prove a fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id*. at 810–17. In reviewing a legal-sufficiency challenge, the court must view the evidence in the light most favorable to the verdict, "credit[ing] favorable evidence if reasonable jurors could, and disregard[ing] contrary evidence unless reasonable jurors could not." *Id*. at 827.

Appellants contest attorney's fees Holt purportedly incurred before May 2018. Specifically, appellants assert that Holt failed to produce evidence identifying the specific tasks performed, the individual who performed the tasks, and the time each task took.[2] Appellants point to Holt's heavily redacted billing statements and conciliatory testimony to argue Holt's evidence was legally insufficient to support the full fee award. We agree.

A party seeking attorney's fees "bears the burden of providing sufficient evidence" of both the reasonable hours worked and a reasonable hourly rate. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex.

---

[2] Appellants concede, however, that "Holt presented detailed billing statements . . . beginning in June 2018 until June 2019[,] . . . objectively total[ing] $82,034.10."

–5–

2019). Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id*. "General, conclusory testimony devoid of any real substance will not support a fee award." *Id*. at 501. "Thus, a claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id*. at 501–02 (internal citations omitted). Contemporaneous billing records are not required but "are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested." *Id*. at 502.

In *Rohrmoos*, appellee's attorney testified that his fees of $800,000 were reasonable and necessary due to his and his staff's review of "'millions' of emails and reviewing 'hundreds of thousands' of papers in discovery, more than forty depositions taken, and a forty-page motion for summary judgment." *Id*. at 476. The Texas Supreme Court concluded this testimony was "too general to establish that the requested fees were reasonable and necessary." *Id*. at 505. "Without detail about the work done, how much time was spent on the tasks, and how [the attorney] arrived at the $800,000 sum," the court concluded the attorney's testimony lacked "the substance required to uphold a fee award." *Id*.

Here, Holt introduced contemporaneous invoices for work performed by its counsel from July 2016 through May 2019. Appellants take issue specifically with those billing records predating May 2018. According to Appellants, the records are so heavily redacted, it is impossible to determine what tasks were performed, when the tasks were performed, how long the tasks took to perform, and who performed the tasks. The record supports appellants' contentions. Indeed, the invoices at issue are so heavily redacted, the only visible information remaining is the month and year of the invoice, attorneys who rendered legal services in that month, total hours charged, rate, and miscellaneous charges, such as photocopying, postage, and filing fees. Holt's counsel testified at trial regarding these invoices. After providing his background and experience, he explained each of the *Arthur Andersen* factors, *see Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), summarily stating each factor that applied to his fee request. Regarding the necessity of the fees requested, counsel testified, "Well, we're here today. And we have had to [provide services], either through written discovery or depositions, file reviews, conferences, emails," and, "We went to mediation." Noting several prior trial settings, counsel further testified, "We've obviously had to prepare for today and other trial settings."

On cross-examination, counsel informed the jury that he redacted information from the invoices that concerned other matters and admitted that the remaining information did not show what tasks were performed. When asked whether he

–7–

expected the jury to take his word that he performed work on this case for those months at issue, counsel stated only that he was testifying under oath that his firm performed the amount of work reflected on the invoices. After confirming that no invoice from August 2016 to June 2018 contained any description of the legal work performed, counsel admitted that he could not tell what tasks were performed from the redacted invoices. Counsel offered only that the jury could deduce from the miscellaneous fees appearing on some invoices that he had performed the associated services. For example, counsel noted, "During [November 2017], based on the charge, I can tell you that there was a deposition cost." Counsel admitted, however, that he could not say how long the deposition took or what tasks he performed relative to that deposition.

Appellants assert on appeal that the Holt's fee evidence predating May 2018 is like that presented in *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). In *Long*, the fee evidence consisted of counsel's affidavit indicating the amount of time each attorney spent on the case and positing that the case "involved extensive discovery, several pretrial hearings, multiple summary judgment motions, and a four and one-half day trial, and that litigating the matter required understanding a related suit that settled after ten years of litigation." *Id*. However, counsel offered no additional evidence to show the time spent on specific tasks. *Id*. The supreme court concluded that such evidence was necessary for the trial court to "meaningfully review the fee request." *Id*. Accordingly, the court determined the evidence was legally insufficient

to support the fee award and remanded the case to the trial court for a redetermination of attorney's fees. *Id*. at 256.

We agree that the evidence here is like that presented in *Long*. In both cases, counsel testified only to general tasks performed during the representation. *See id*. at 255. Although Holt's counsel produced invoices, they effectively provide no additional evidence beyond counsel's testimony due to the heavy redactions. Indeed, counsel admitted as much. In that regard, the evidence presented here is just as insufficient as that presented in *Long*. *See id*. at 256 (finding the evidence legally insufficient to support the fee award).

Holt contends, however, that we have upheld fee awards on less evidence than what is presented here. Holt cites our holdings in *MRI Pioneer & Colorado Investment Fund, LP v. Pyatt*, No. 05-18-01399-CV, 2020 WL 4013147, at *9 (Tex. App.—Dallas July 16, 2020, pet. denied) (mem. op.), *KBIDC Investments, LLC v. Zuru Toys Inc.*, No. 05-19-00159-CV, 2020 WL 5988014, at *23 (Tex. App.—Dallas Oct. 9, 2020, pet. filed) (mem. op.), and *Fuhrmann v. C & J Gray Investments Partners, Ltd.*, No. 05-18-00683-CV, 2019 WL 3798181, at *5 (Tex. App.—Dallas Aug. 13, 2019, no pet.) (mem. op.). Contrary to Holt's contention, evidence presented in *MRI Pioneer* consisted of counsel's testimony "describ[ing] the various tasks performed during his representation" and specifying the hours billed and charged for three categories of work. *MRI Pioneer*, 2020 WL 4013147, at *9. Here, Holt's counsel testified only to general pretrial activities gleaned from miscellaneous

charges appearing in the unredacted portion of the invoices. Counsel did not describe any task allegedly performed much less specify the time and costs billed for each task. In *KBIDC Investments*, we concluded that the attorneys "provided a great deal of information about the fees" despite redactions in their invoices. *KDBIDC Invs.*, 2020 WL 5988014, at *22–23. We specifically noted that the unredacted information "listed the attorney who performed the task, the date, the attorney's billing rate, the length of time to complete the task, and a description of the task except that any privileged material was redacted." *Id.*, at *22. In contrast, Holt's counsel's invoices are so heavily redacted that no tasks are visible. Finally, counsel in *Fuhrmann* offered his affidavit containing fee calculations, describing how his charges were segregated for nonrecoverable tasks, and categorizing the nature of the work performed. *Fuhrman*, 2019 WL 3798181, at *5. The attorney also "attache[d] partially redacted billing entries that describe such work in more detail." *Id*. In contrast, Holt's heavily redacted invoices fail to identify any work performed. Thus, these cases are factually distinct from the instant case and unhelpful to our analysis.

Having concluded that Holt failed to produce legally sufficient evidence to support an award of fees for legal services rendered from May 2016 through May 2018, we sustain appellants' first issue.

In their second issue, appellants contend that the fee evidence was factually insufficient "to support an award of attorney's fees of $175,500, where only a portion of the attorney's fees statements were itemized" and "the damages award was only

–10–

$6,500." Aside from again taking issue with Holt's redacted invoices, appellants contend that the fee award bears no relationship to the amount in controversy. They acknowledge that the relationship between the fee award and the amount in controversy is only one factor in determining the reasonableness of a fee award, *see Rohrmoos*, 578 S.W.3d at 494, yet they maintain that the ratio of fees to damages here far exceeds that upheld in their cited precedent and is, thus, "so great that it is manifestly unjust." Although appellants cite several cases addressing fee awards multiple times higher than damages, appellants cite no authority holding that proportion alone could invalidate a fee award, and we are aware of none. Regardless, we have concluded the evidence supporting fees requested from July 2016 through May 2018 is legally insufficient. Thus, we need not address whether the fees are so disproportionate as to merit reversal. *See Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019) ("Ordinarily, a court of appeals will not address the factual sufficiency of the evidence if it determines the evidence is legally insufficient."); TEX. R. APP. P. 47.1 (requiring appellate court to address only issues necessary to final disposition of the appeal).

Holt asserts on appeal that we should suggest a remittitur instead of remanding for the trial court to determine fees. Relying on appellants' admission that Holt presented detailed billing statements from June 2018 to May 2019, Holt contends the record supports a fee award of $87,052.50 for this period. Accounting for additional fees incurred in trial preparation, Holt specifically asks us to suggest a

–11–

remittitur to reduce the fee award to $107,660.00. Although Holt admits that it offered no billing statements to support its claim for trial preparation fees, it contends that the jury witnessed counsel's work at trial and had billing statements reflecting work done in preparation for prior trial settings to determine the tasks involved. Additionally, counsel testified that trial preparation fees would amount to $20,607.50. Thus, Holt requests a remittitur of $67,840.00. Holt points out that this is more than the remittitur "in the range of $ $30,000.00 - $ 40,000.00" appellants requested in their post-judgment motion.

We agree with Holt's assessment. Accordingly, we conclude that the trial court's attorney's fee award was excessive by $67,840.00 and suggest a remittitur in that amount. *See* TEX. R. APP. P. 46.3 (court of appeals may suggest remittitur); *see also Range v. Calvary Christian Fellowship*, 530 S.W.3d 818, 843 (Tex. App.— Houston [14th Dist.] 2017, pet. denied) (suggesting remittitur of $67,285.03 from $232,000.00 award of attorney's fees because there was no evidence that reasonable and necessary attorney's fees exceeded $164,714.97); *Corral-Lerma v. Border Demolition & Envtl. Inc.*, 467 S.W.3d 109, 128 (Tex. App.—El Paso 2015, pet. denied) (suggesting remittitur of attorney's fees because judgment on attorney's fees rested on insufficient evidence).

## B.    Boney's Liability

In their third issue, appellants contend there was no basis on which to hold Boney liable for damages awarded to Holt. The jury found that Holt and Boney

–12–

agreed to terms of the guaranty agreement and found Boney liable for $6,500 in damages for his failure to comply with the agreement, which is the same amount the jury found as the reasonable value for work performed by Holt. The trial court entered a judgment consistent with these findings. According to appellants, this was erroneous because the guaranty agreement only guaranteed THB's liabilities under the OEAA. Because the jury found the parties never agreed to terms of the OEAA and awarded damages under a quantum meruit theory, appellants contend Boney could not be liable for the damages. Holt contends that appellants waived this issue by failing to raise it in a timely post-judgment motion. We agree with Holt.

Appellants essentially bring a legal sufficiency challenge. *See Exel Transp. Servs., Inc. v. Aim High Logistics Servs., LLC*, 323 S.W.3d 224, 231–32 (Tex. App.—Dallas 2010, pet. denied) (attack on legal sufficiency of adverse finding on an issue on which appellant did not have burden of proof requires showing that no evidence supports the finding). To preserve a legal sufficiency challenge for appeal after a jury trial, the party must raise the specific complaint in the trial court by: (1) a motion for directed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the jury question; (4) a motion to disregard the jury's finding on a vital fact issue; or (5) a motion for new trial. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992); *Goodyear Tire & Rubber Co. v. Rogers*, 538 S.W.3d 637, 648 (Tex. App.—Dallas 2017, pet. denied). The record reflects that appellants filed a motion for partial judgment

notwithstanding the verdict. Eleven days after the trial court issued its judgment, appellants filed a motion to modify, correct, or reform the judgment. In neither motion did appellants raise the issue of Boney's liability for Holt's damages. Nearly two months after the trial court issued its judgment, appellants filed their first amended motion to modify, correct, or reform the judgment. For the first time, in this motion, appellants raised the issue of Boney's liability. Even then, appellants offered no argument, but asked only that the trial court "delete Travis Boney's name from the judgment." The trial court struck the amended motion, and appellants do not contest that ruling on appeal. Accordingly, the record does not reflect that appellants properly raised the issue to the trial court, and appellants failed to preserve error for appeal. *See Rogers*, 538 S.W.3d at 648.

Even if appellants had preserved error, we would overrule it. Appellants contend on appeal that Boney could not be liable for Holt's damages awarded under a quantum meruit theory because his liability was limited to debts incurred under the OEAA. Because the jury found the parties did not agree to terms of the OEAA, Boney contends he could not be liable for the damages award. The record reflects, however, that the guaranty Boney executed is not so limited. *See Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 7 (Tex. 2014) ("Courts construe unambiguous guaranty agreements as any other contract."). Rather, Boney agreed to guarantee "prompt payment of all . . . other indebtedness which is owed by Customer to any of the Holt Entities, whether now existing or hereafter arising." The

–14–

guaranty agreement incorporated the definition of "Customer" from the OEAA. *See Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 189 (Tex. App.—Dallas 2013, no pet.) ("Unsigned documents may be incorporated into the parties' contract by referring in the signed document to the unsigned document."). The partially executed OEAA offered into evidence reflects "THB Construction" was the Customer. Thus, Boney was bound to guarantee THB's debts beyond those incurred under the OEAA. Accordingly, we overrule appellants' third issue.

## C.    Interest Rate

In their fourth issue, appellants contend the trial court erred in awarding interest at 18% per annum. According to appellants, the trial court erred because it applied the rate stated in the OEAA, which the jury found was not agreed upon. Appellants further contend the trial court erred in applying the interest rate to the fee award. Holt contends that appellants failed to preserve these errors for appeal. We agree with Holt.

As with their third issue, appellants assert a legal sufficiency challenge as to the trial court's award of interest. *See Exel Transp. Servs.*, 323 S.W.3d at 231 (explaining legal sufficiency challenge). In its judgment, the trial court awarded pre- and post-judgment interest at 18% per annum. The judgment, however, does not identify the basis for this rate. Yet, appellants conclude it is based on the rate specified in the OEAA. As previously discussed, appellants timely filed a post-trial motion to modify, correct, or reform the judgment, but appellants did not raise this

–15–

issue. They first raised the issue in their untimely first amended motion. Even then, appellants merely asked the trial court to "reduce interest rate to no more than 5% per annum." Appellants offered no argument or authority to support this request. Thus, the record does not reflect that appellants properly raised the issue to the trial court, and they failed to preserve error for appeal. *See Rogers*, 538 S.W.3d at 648.

Regardless, there are legal and factual bases for the trial court's award. The guaranty expressly incorporated "paragraphs 4-11 of the [OEAA]." *Bob Montgomery Chevrolet*, 409 S.W.3d at 189 (unsigned documents may be incorporated into a contract). These paragraphs include provisions holding THB liable for "all collection costs actually incurred by [Holt]" and establishing Holt's right to collect "interest . . . contracted for, charged or received" "to the maximum legal rate in effect." However, neither the guaranty nor the incorporated OEAA provisions provide an interest rate. When "a contract that provides for interest or time price differential" does not specify the interest rate, a money judgment on the contract "earns postjudgment interest at . . . 18 percent a year." TEX. FIN. CODE § 304.002. A trial court may award postjudgment interest on an attorney's fee award. *See Ventling v. Johnson*, 466 S.W.3d 143, 155–57 (Tex. 2015).

Regarding pre-judgment interest, the guaranty also covered "all . . . charges due and owing to the Holt Entities for any and all goods, wares, materials, merchandise and/or services sold, leased or rented by any of the Holt Entities to [THB]." Holt offered invoices at trial reflecting that all outstanding balances were

subject to a "service charge of 1.5% per month." This equates to 18% per annum. Thus, the record reflects evidence supporting the trial court's interest award as to Holt's actual damages. Accordingly, we overrule appellants' fourth issue.

## CONCLUSION

Having concluded that the evidence supporting Holt's request for attorney's fees was legally insufficient, we sustain appellant's first issue. Accordingly, we conclude the trial court's attorney's fees award of $175,500.00 is excessive by $67,840.00. In light of appellants' alternative request for remittitur below and Holt's alternative request for remittitur on appeal, we suggest a remittitur of $67,840.00. If within fifteen days of the date of this opinion, Holt files in this Court a remittitur of $67,840.00 of attorney's fees, we will reform the trial court's judgment accordingly and affirm the judgment as reformed. If Holt does not timely file a remittitur that conforms with this opinion, the trial court's judgment will be reversed with respect to attorney's fees and the cause remanded for a new hearing on the issue of attorney's fees. *See* TEX. R. APP. P. 46.3. We overrule appellants' remaining issues.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200020F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THB CONSTRUCTION, LLC AND
TRAVIS MICHAEL BONEY,
Appellants

No. 05-20-00020-CV      V.

HOLT TEXAS, LTD. D/B/A HOLT
CAT, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-08917.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part, and we suggest **REMITTITUR** in part.

We suggest a **REMITTITUR** as to that portion of the trial court's judgment awarding attorney's fees. If within fifteen days of the date of this Court's opinion, appellee files in this Court a remittitur with respect to attorney's fees in the amount of $67,840.00, we will **MODIFY** the trial court's judgment accordingly and **AFFIRM THE JUDGMENT AS MODIFIED**. If appellee does not timely file a remittitur that conforms with this Court's opinion, the trial court's judgment will be **REVERSED** with respect to attorney's fees and the cause **REMANDED** for a new hearing on the issue of attorney's fees.

We **AFFIRM** the remainder of the trial court's judgment.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered January 13, 2022.

–18–