**Richard Dale COOPER, Appellant,**

v.

**Joanne Marie COOPER, Appellee.**

No. 01–03–00156–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 17, 2004.

Bruce A. Baughman, Baytown, TX, for Appellant.

Bill De La Garza, Bill De La Garza & Associates, P. C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

Richard Dale Cooper, appellant, appeals from a divorce decree awarding Joanne Marie Cooper, appellee, spousal maintenance of $500 per month for one year. Specifically, appellant contends that the trial court abused its discretion by awarding appellee spousal maintenance because "there is no or insufficient evidence" that appellee lacked sufficient property and income to supply her minimum reasonable needs.

## BACKGROUND

The parties were married in 1981, separated in 2000, and divorced in 2002. At the time of the divorce, the parties were the parents of SJC, a child under the age of 18 years. In the final decree of divorce, the trial court named appellee as possessory joint managing conservator of SJC and ordered appellant to pay child support for SJC to appellee in the amount of $1,200 per month. Further, the trial court found that appellee was eligible for spousal maintenance and ordered appellant to pay appellee $500 per month for one year.

Subsequently, in findings of facts and conclusions of law requested by appellant, the trial court found, in pertinent part, that:

A. [Appellee] is eligible for court-ordered maintenance because:

1. the duration of the marriage was longer than 10 years;

2. [Appellee] lacks sufficient property, including property distributed to her pursuant to the Final Decree of Divorce, to provide for [Appellee]'s minimum reasonable needs; and

3. [Appellee] clearly lacks earning ability in the labor market adequate to provide support for [Appellee]'s minimum reasonable needs . . . .

C. [Appellee] has exercised due diligence in developing the necessary skills to become self supporting during the period of separation and during the time the suit for dissolution of the marriage was pending . . .

F. Although [Appellee] is employed, her current employment does not provide for her minimum reasonable needs.

## DISCUSSION

### Standard of Review

Our review of a legal sufficiency point requires us to consider only the evidence and inferences that tend to support the finding, disregarding all evidence and inferences to the contrary. *Vannerson v. Vannerson*, 857 S.W.2d 659, 666 (Tex.App.-Houston [1st Dist.] 1993, writ denied). If there is any evidence of probative force to support the finding, i.e., more than a mere scintilla, we will overrule the issue. *Id.* In our review of the factual sufficiency of the evidence, we must consider and weigh all of the evidence, and we will set aside a finding only if the evidence standing alone is too weak to support the finding, or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Vannerson*, 857 S.W.2d at 666.

### Spousal Maintenance

■ If, as here, a divorce is sought in a marriage lasting 10 years or longer, a spouse may seek spousal maintenance under the Family Code. TEX. FAM.CODE ANN. § 8.051(2) (Vernon Supp.2004); *Alexander v. Alexander*, 982 S.W.2d 116, 117 (Tex. App.-Houston [1st Dist.] 1998, no pet.). To be eligible for spousal maintenance, the spouse seeking maintenance must lack sufficient property to provide for the spouse's minimum reasonable needs and must show that she cannot support herself (A) due to a disability, or (B) because she must care for a child with a disability, or (C) she "clearly lacks earning ability in the labor market adequate to provide support for the spouse's minimum reasonable needs." TEX. FAM.CODE ANN. § 8.051(2); *Alexander*, 982 S.W.2d at 117. Generally, there is a presumption that spousal maintenance is not warranted unless the spouse seeking maintenance has exercised diligence in (1) seeking suitable employment, or (2) developing the necessary skills to become self-supporting while the spouses are separated and the divorce action is pending.[1] TEX. FAM.CODE ANN. § 8.051(2); *Alexander*, 982 S.W.2d at 117.

### A. Minimum Reasonable Needs

■ The term "minimum reasonable needs" is not defined in the Family Code, nor are there cases defining the term. *In re Marriage of Hale*, 975 S.W.2d 694, 697 (Tex.App.-Texarkana 1998, no pet.). Rather, determining what the minimum reasonable needs are for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex.App.-Corpus Christi 2002, no pet.).

Here, appellant asserts that, because appellee's *"monthly income exceeds her monthly expenses, [appellee] is not entitled to spousal maintenance; she has sufficient income, even without resorting to her assets, to satisfy her minimum reasonable needs."* (Emphasis added). Under these circumstances, because appellant has limited his argument to a comparison of appellee's monthly expenses and income, we limit our review to consideration of appellee's monthly expenses as evidence of appellee's minimum reasonable needs.[2]

During the bench trial, appellee offered into evidence a financial information statement reflecting that appellee's monthly expenses totaled $2,566.22.[3] In addition to the expenses listed on appellee's financial information statement, appellee testified that she paid $208 per month toward a second lien on her home. The record reflects that this debt was awarded to appellee in the final divorce decree.[4] Additionally, appellee testified that she makes

---

1. The trial court found that appellee exercised due diligence in developing the necessary skills to become self-supporting during the period of separation and during the time the suit for dissolution of the marriage was pending. Appellant did not challenge this finding. Because unchallenged findings are binding on this Court, we hold that the presumption against maintenance was overcome by appellee's efforts in this regard. *See Firefighters' & Police Officers' Civil Serv. Comm'n of the City of Houston v. Herrera*, 981 S.W.2d 728, 732 (Tex.App.-Houston [1st Dist.] 1998, pet. de-

nied) ("Unchallenged findings are binding on the parties and this Court.").

2. Appellant does not attack the amount of spousal maintenance payments.

3. Appellant did not object to the admission of appellee's financial information statement into evidence. Appellant cites to the statement as evidence that appellee's monthly expenses totaled $2,566.22.

4. Appellant asserts that there is no evidence that the second lien note referred to by appel-

monthly payments of $20 toward her attorney fees, which, at the time of trial, were approximately $5,000 to $5,200. Thus, the evidence demonstrates that, at the time of the bench trial, appellee's monthly expenses totaled $2,794.22.

### B. Evidence of Sufficient Property

To be eligible for spousal maintenance, appellee must first have shown she lacked sufficient property to provide for her minimum reasonable needs. *See* TEX. FAM. CODE ANN. § 8.051(2). The trial court found that appellee lacked sufficient property, including property distributed to her pursuant to the divorce, to provide for appellee's minimum reasonable needs.

Appellant asserts that "there is no or insufficient evidence" that appellee lacked sufficient property and income to supply her minimum reasonable needs. Specifically, appellant contends that appellee is not entitled to spousal support because "she has sufficient income, *even without resorting to her assets,* to satisfy her minimum reasonable needs." (Emphasis added). Under these circumstances, because appellant limited his argument to appellee's income, we limit our review to consideration of appellee's income as evidence of appellee's property.

Appellant contends the evidence demonstrates that appellee's monthly income exceeded her monthly expenses, and, as a result, that appellee was not entitled to spousal maintenance. Appellant asserts that appellee's monthly income was $2,600, because she received $1,400 in monthly net salary and $1,200 in monthly child support

payments. Conversely, appellee argues that child support should not be included as property awarded to a spouse for purposes of analyzing the maintenance requirements. Specifically, appellee argues that child support is not an asset that is distributed to a spouse, but is a legal obligation of a parent allocated in a Suit Affecting the Parent–Child Relationship under the Family Code. *See* TEX. FAM.CODE ANN. §§ 151.001(a)(8), 153.134(b)(4) (Vernon Supp.2004).

Under these facts, however, we need not reach the question whether child support should be included as property awarded to a spouse for purposes of analyzing spousal maintenance requirements. The evidence shows that, even with child support, appellee's monthly income of $2,600 falls short of appellee's monthly expenses of $2,794.22. Accordingly, we find the trial court did not abuse its discretion in finding that appellee lacked sufficient property to meet her minimal reasonable needs.

### C. Consideration of Earning Ability

To be eligible for spousal support, appellee must have also shown that she clearly lacked earning ability adequate to provide for her minimum reasonable needs. TEX. FAM.CODE ANN. § 8.051(2); *Alexander,* 982 S.W.2d at 117. The trial court found that appellee "clearly lacks earning ability in the labor market adequate to provide support for [her] reasonable needs." Appellant did not challenge this finding. Instead, appellant's argument is based solely upon his assertion that appellee's income

lee is not already included in the house payment she listed on her financial information sheet. We disagree. On her financial information sheet, appellee reported "House Payment/Rent $866.20." During the bench trial, appellee specifically testified that her "house note" was $866.20. Appellee subsequently testified as to the existence of a debt to Com-

erica Bank, which was "a second lien on the house" in the amount of $208 a month. Without objection, appellee offered into evidence an inventory and appraisement, listing both appellee's home mortgage through Chase Manhattan Mortgage Corporation, and a separate debt owed to Comerica Bank, entitled "loan for home improvements."

exceeded her expenses. Appellant did not brief any argument with respect to appellee's earning ability. Because appellant did not challenge it, the trial court's finding is binding on the parties and this court. *Herrera*, 981 S.W.2d at 732.

After careful consideration of all of the evidence, we hold that the trial court did not abuse its discretion by awarding appellee spousal maintenance. Accordingly, we overrule appellant's single point of error.

## CONCLUSION

We affirm the judgment of the trial court.