**Opinion issued November 20, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00839-CV

————————————

**JERRY DAY, Appellant**

**V.**

**JEANIE DAY, Appellee**

---

On Appeal from the 311th District Court
Harris County, Texas
Trial Court Case No. 2012-32248

---

# O P I N I O N

Jerry Day appeals from a final decree of divorce awarding Jeanie Day

spousal maintenance of $500 per week for 60 calendar months and thereafter $300

per week for 15 calendar months. On appeal, Jerry argues in five issues that "there

is no evidence" to satisfy the statutory requirements for spousal maintenance or

support either of the two findings necessary to overcome the presumption that spousal maintenance is not warranted. We affirm.

**Background**

Jerry and Jeanie married in 1992. After a five-year separation, Jeanie filed for divorce in 2012. Jerry and Jeanie have one child, who is over the age of 18.[1] At trial, Jeanie testified that Harvey Home Health has employed her as a receptionist for five years, and over that time her pay has increased from $30,000 to $34,000 annually. She testified that her income is not enough money to financially support herself. Jeanie also alleged that Jerry had wasted community funds in violation of a court order. To remedy this fraud on the community estate, she asked the trial court to award her a reconstitution[2] of the estate against Jerry through court-ordered spousal maintenance. Following a two-day bench trial, the trial court awarded Jeanie spousal maintenance in the amount of $500 per week for 60 calendar months and thereafter $300 per week for 15 calendar months, for a total of $149,500.

The next week, Jerry submitted a request for findings of facts and conclusions of law. Jeanie then submitted proposed findings of facts and

---

[1] The child was a minor when the divorce petition was filed, but reached age 18 shortly before the final divorce decree.

[2] The reconstituted estate is the total value of the community estate that would exist if an actual or constructive fraud on the community had not occurred. TEX. FAM. CODE ANN. § 7.009 (West Supp. 2014).

2

conclusions of law, which the court signed without modification. In those findings, the trial court found, in pertinent part, that:

6. Jeanie Day *will lack sufficient property*, including her separate property, on dissolution of the marriage *to provide for her minimum reasonable needs*.

7. The duration of the marriage was ten years or longer, and Jeanie Day *lacks the ability* to earn sufficient income to provide for her minimum reasonable needs.

8. The following factors were taken into consideration in determining the nature, amount, duration, and manner of periodic payments:

   a. Jeanie Day and Jerry Day were married for at least twenty years but not more than thirty years;

   b. Jerry Day's excessive or abnormal expenditures or destruction, concealment, or fraudulent disposition of community property;

   c. Jeanie Day's contribution as primary caregiver of the parties' child;

   d. Jeanie Day's contribution as homemaker; and

   e. Jerry Day's marital misconduct, including adultery and cruel treatment.

9. The net resources of Jerry Day per month are $10,174.00.

.    .    .

25. Jerry W. Day should pay spousal maintenance in the amount of $500.00 per week for a period of 60 months, beginning August 8, 2013 and thereafter $300.00 per week for a period of 15 months.

3

The court also made findings concerning Jerry's fraud on the community and valued the reconstituted estate at $299,466.26.

**Standard of Review**

In his third through fifth issues, Jerry argues that there is legally insufficient evidence that Jeanie lacks the ability to earn sufficient income (issue three), has exercised diligence in earning sufficient income (issue four), or has exercised diligence in developing the necessary skills to provide for her reasonable needs during their separation (issue five). Therefore, Jerry claims, Jeanie has not overcome the presumption that spousal maintenance should not be awarded.

We review a spousal maintenance award under an abuse of discretion standard. *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Dunn*, 177 S.W.3d at 396. "Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion." *Dunn*, 177 S.W.3d at 396. "Because of the overlap between the abuse-of-discretion and sufficiency-of-the-evidence standards of review, this court engages in a two-pronged inquiry to determine whether the trial court (1) had sufficient information

on which to exercise its discretion and (2) erred in its application of that discretion." *Corrick v. Corrick*, 01-09-00656-CV, 2011 WL 664007, at \*3 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, no pet.). In determining the first prong, "[w]e apply the same standards when reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the evidence supporting a jury's answer to a special issue." *Dunn*, 177 S.W.3d at 396. (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996)); *see Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.)

To prevail on a legal-sufficiency challenge on an issue for which an opposing party had the burden of proof, the complaining party must show that there is no evidence that "would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When reviewing a legal-sufficiency challenge, we consider all of the evidence supporting the judgment, "credit[ing] favorable evidence if reasonable jurors could, and disregard[ing] contrary evidence unless reasonable jurors could not." *Id.* We consider the evidence in the light most favorable to the findings and indulge every reasonable inference that would support them. *Id.* at 822; *see Zenner v. Lone Star Striping & Paving L.L.C.*, 371 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

**Evidence on Income Sufficient to Meet Reasonable Needs**

There are several scenarios for which Texas law allows an award of spousal maintenance from one divorcing spouse to the other. TEX. FAM. CODE ANN. § 8.051 (West Supp. 2014). In all cases, the spouse receiving maintenance must lack sufficient property upon dissolution of the marriage to provide for her reasonable minimum needs. *Id.* In the dissolution of a marriage lasting 10 years or longer, the spouse seeking maintenance must also lack the ability to earn sufficient income to provide for her minimum reasonable needs.[3] *Id.* § 8.051(2)(B); *in re Green*, 221 S.W.3d 645, 647 (Tex. 2007); *Cooper v. Cooper*, 176 S.W.3d 62, 64 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Jerry does not challenge the trial court's finding that Jeanie will lack sufficient property upon dissolution of the marriage. He also concedes that "there is evidence" that Jeanie's current income does "not meet her minimum reasonable needs." But, in his third issue, he contends that the trial court erred because "there is no supporting evidence that she lacked the ability to earn more." Because Jerry

---

[3] The trial court may also order spousal maintenance if the other spouse was convicted of or received deferred adjudication for a criminal offense that also constitutes an act of family violence, if the maintenance-seeking spouse has an incapacitating disability, or if she must care for a child of the marriage with a disability. TEX. FAM. CODE ANN. § 8.051. Jeanie did not seek spousal maintenance under these provisions. Jerry's first two issues contend that there was no evidence of these requirements. We agree, but those issues do not resolve this case because Jeanie sought spousal maintenance on another basis: lack of an adequate income.

limits his argument to whether Jeanie is able to earn additional income, we limit our review accordingly. *See Cooper*, 176 S.W.3d at 64.

Section 8.051(2) focuses on whether Jeanie can provide for her minimum reasonable needs currently, not whether she can do so in the future with additional training or education. *See Deltuva v. Deltuva*, 113 S.W.3d 882, 888 (Tex. App.—Dallas 2003, no pet.) (spouse seeking maintenance who obtained real estate license while divorce was pending but needed about one year to "get her real estate business 'rolling'" lacked ability to earn sufficient income). We therefore consider Jeanie's current, not future, ability to earn "sufficient income."

The evidence shows that Jeanie earns approximately $1,900 per month and that her expenses are approximately $3,000 per month. She adduced evidence that she presently lacks the ability to earn more. Jeanie already works full time. Her paystubs indicate that she works additional overtime hours. She has no assets that could provide rental income. She has dramatically limited her expenses and exhausted her savings to make ends meet. This evidence supports the conclusion that she lacks the ability to supplement her current income.

Based on the evidence, the trial court did not abuse its discretion in concluding that Jeanie presently lacks the ability to earn sufficient income to provide for her minimum reasonable needs. Accordingly, we overrule Jerry's third issue.

**Overcoming the Presumption Against Spousal Maintenance**

If a spouse demonstrates that she presently lacks the ability to earn sufficient income to provide for her minimum reasonable needs, she must also overcome a rebuttable presumption that spousal maintenance is not warranted by showing that she has exercised diligence in "(1) earning sufficient income to provide for the spouse's minimum reasonable needs" or "(2) developing the necessary skills to provide for the spouse's minimum reasonable needs during a period of separation and during the time the suit for dissolution of the marriage is pending." TEX. FAM. CODE ANN. § 8.053 (West Supp. 2014); *see also Cooper*, 176 S.W.3d at 64. Jerry contends that neither condition was satisfied here.

**A.  Evidence on diligence in earning an adequate income**

In his fourth issue, Jerry contends that Jeanie presented no evidence that she exercised diligence in earning sufficient income, and thus has failed to satisfy section 8.053(a)(1). We disagree. Unlike section 8.053(a)(2), section 8.053(a)(1) does not limit the diligence inquiry to "the period of separation and . . . the time the suit for dissolution of the marriage is pending." *Compare* TEX. FAM. CODE ANN. § 8.053(a)(1) *with* § 8.053(a)(2). Jeanie testified that, while she and Jerry lived together as a married couple, she was the primary caregiver of their daughter; she was often the only source of steady, regular income and she paid most of the

8

couple's bills. She testified that Jerry's income was "sporadic," he was jailed twice, and he was violent and abusive.

When Jeanie and Jerry separated in 2007, she had been unemployed for nine months. Jeanie immediately obtained full-time employment and she has kept this job for more than five years, increasing her annual salary from $30,000 to $34,000. She also produced evidence that she has purposefully limited her expenses. She quit a substance-abuse habit and negotiated a $150 per hour reduction in her divorce lawyer's fees. She has bought no home furnishings save for replacing her refrigerator. Her car is seven years' old and needs maintenance. She has continued to raise the couple's daughter, who graduated from high school during the divorce proceedings.

Although Jerry sent Jeanie a monthly stipend to help pay for their daughter, Jeanie testified that parenthood has been a major financial strain. She testified that she sold separate real property—two homes purchased prior to her marriage and an inherited one-half interest in her parent's home—and took out personal loans to make ends meet. She also produced evidence that she used her money inherited from her parents—her separate property—to help support her and her daughter. When asked on cross-examination why she needed to take these measures to cover her expenses, she responded: "I have a daughter that I support."

Jerry contends that Jeanie must show that she has sought additional or more lucrative employment. While an earlier version of the statute required diligence in seeking "suitable employment," in 2011 the Legislature broadened the inquiry to "earning sufficient income." *Compare* TEX. FAM. CODE ANN. § 8.053 (West 2006) *with* § 8.053 (West Supp. 2014). Jeanie met this requirement by limiting her expenses, selling her separate property, exhausting her inheritance, and taking loans—all while working more than full time and being the sole caregiver to the couple's daughter. Therefore, we overrule Jerry's fourth issue.

**B.     Diligence in developing necessary skills**

In his fifth issue, Jerry contends that Jeanie did not overcome the presumption against spousal maintenance because she did not present any evidence that she exercised diligence in developing the necessary skills to provide for her minimum reasonable needs, and thus has failed to satisfy section 8.053(a)(2).

To overcome the presumption, the spouse seeking maintenance must satisfy section 8.053(a)(1) "or" section 8.053(a)(2). TEX. FAM. CODE ANN. § 8.053(a). The statute's use of the disjunctive indicates that these are two independent methods to overcome the presumption. We have already concluded that Jeanie has shown diligence under section 8.053(a)(1). Therefore, she need not satisfy section 8.053(a)(2). Accordingly, we overrule Jerry's fifth issue.

10

**Conclusion**

We affirm the trial court's spousal maintenance award.

Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.