

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00183-CV

## IN THE MATTER OF THE MARRIAGE OF
## YOSSEF ELABD AND SONIA ELABD
## AND
## IN THE INTEREST OF J.E., E.E. AND S.E., CHILDREN

### From the County Court at Law No. 2
### Brazos County, Texas
### Trial Court No. 17-000880-CVD-CCL2

## OPINION

In three issues, appellant, Yossef Elabd, complains about the final divorce decree signed by the trial court. Specifically, Yossef argues that: (1) the evidence is legally insufficient to support the trial court's determination that appellee, Sonia Elabd, is entitled to spousal maintenance; (2) the trial court abused its discretion by awarding Sonia $1,500 per month in spousal maintenance; and (3) the trial court abused its discretion by making a disproportionate division of the community estate. Because we overrule all of Yossef's issues, we affirm.

# I.   SPOUSAL MAINTENANCE

In his first issue, Yossef complains that the spousal-maintenance award is not supported by legally-sufficient evidence.  Specifically, Yossef contends that because the trial court made no findings concerning Sonia's minimum reasonable needs, and because no such findings can be implied from this record, Sonia was not entitled to spousal maintenance.  We disagree.

## A.   Applicable Law & Standard of Review

Spousal maintenance is an award of "periodic payments from the future income of one spouse for the support of the other spouse."  TEX. FAM. CODE ANN. § 8.001(1) (West 2006).  The purpose of spousal maintenance is "to provide temporary and rehabilitative support for a spouse whose ability to self-support is lacking or has deteriorated over time while engaged in homemaking activities and whose capital assets are insufficient to provide support."  *O'Carolan v. Hooper*, 71 S.W.3d 529, 533 (Tex. App.—Austin 2002, no pet.).

Section 8.051 of the Family Code governs a spouse's eligibility for spousal maintenance.  *See* TEX. FAM. CODE ANN. § 8.051 (West Supp. 2018).  As relevant to the instant case, section, 8.051(2) provides that a spouse is eligible to receive spousal maintenance if the spouse seeking maintenance:

> (A) is unable to earn sufficient income to provide for the spouse's minimum reasonable needs because of an incapacitating physical or mental disability;

(B) has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income to provide for the spouse's minimum reasonable needs; or

(C) is the custodian of a child of the marriage of any age who requires substantial care and personal supervision because of a physical or mental disability that prevents the spouse from earning sufficient income to provide for the spouse's minimum reasonable needs.

*Id.* § 8.051(2). It is undisputed that subsection (B) is the sole provision of section 8.051(2) that is at issue in this case. *Id.* § 8.051(2)(B).

There is a rebuttable presumption that maintenance under section 8.051(2)(B) is not warranted unless the spouse seeking maintenance has exercised diligence in developing the necessary skills to provide for the spouse's minimum reasonable needs during a period of separation and during the time the suit for dissolution of the marriage is pending. *Id.* § 8.053(a)(2) (West Supp. 2018). The term "minimum reasonable needs" is not statutorily defined. *Slicker v. Slicker*, 464 S.W.3d 850, 860 (Tex. App.—Dallas 2015, no pet.) (citing *Cooper v. Cooper*, 176 S.W.3d 62, 64 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). Rather, minimum reasonable needs is a fact-specific inquiry, which the courts determine on an individualized, case-by-case basis. *Id.* (citing *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi 2002, no pet.)).

We review an award of spousal maintenance under an abuse-of-discretion standard. *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Id.* Under

the abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion. *Id.* Because of the overlap between the abuse-of-discretion and sufficiency-of-the-evidence standards of review, we engage in a two-step analysis to determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of that discretion. *Day v. Day*, 452 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). "In determining the first prong, '[w]e apply the same standards when reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the evidence supporting a jury's answer to a special issue.'" *Id.* (quoting *Dunn*, 177 S.W.3d at 396).

To prevail on a legal-sufficiency challenge on an issue for which the opposing party had the burden of proof, the complaining party must show that there is no evidence that would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When reviewing a legal-sufficiency challenge, we consider all of the evidence supporting the judgment, "credit[ing] favorable evidence if reasonable jurors could, and disregard[ing] contrary evidence unless reasonable jurors could not." *Id.* We consider the evidence in the light most favorable to the findings and indulge every reasonable inference that would support them. *Id.* at 822.

**B.** **Entitlement to Spousal Maintenance Under Section 8.051(2)(B)**

As noted above, Yossef asserts that the spousal-maintenance award should be reversed because the trial court did not make sufficient factual findings with regard to Sonia's "minimum reasonable needs" in its findings of fact, and because the award cannot be supported by presumed findings under Texas Rule of Civil Procedure 299. *See* TEX. R. CIV. P. 299. Rule 299 governs whether we may presume omitted findings of fact to support a judgment. *Id.* Specifically, Rule 299 provides:

> When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported on appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

*Id.* In other words, if a party secures an express finding on at least one element of a ground of recovery or defense, then deemed findings may arise as to the balance of the elements. *See Howe v. Howe*, 551 S.W.3d 236, 245 (Tex. App.—El Paso 2018, no pet.) (citations omitted); *see also Smith v. McDonald*, No. 12-12-00165-CV, 2013 Tex. App. LEXIS 11769, at **12-13 (Tex. App.—Tyler Sept. 18, 2013, pet. denied) (mem. op. on reh'g).

In the instant case, the trial court considered numerous factors regarding Sonia's eligibility for spousal maintenance and made one specific fact finding—that Sonia earns $76,000 per year working full time. Moreover, in its conclusions of law, the trial court

determined that: "Good cause exists to order HUSBAND to pay Spousal Support to WIFE in the amount of $1,500.00 per month beginning March 2018 and continuing through May 2021."

As shown above, the trial court concluded that spousal maintenance was warranted and listed the facts and factors that it considered, including the fact that Sonia earns $76,000 per year working full time. These express findings support an implied finding that the trial court determined Sonia eligible for spousal maintenance. *See* TEX. R. CIV. P. 299; *Howe*, 551 S.W.3d at 245; *see also Smith*, 2013 Tex. App. LEXIS 11769, at **12-13 (noting that "if the findings are not as definite and specific as they should be, a reviewing court will consider not only the facts expressly found, but those that are implied from those expressly found"). We, therefore, are not persuaded by Yossef's contentions that the trial court did not make sufficient findings to support its spousal-maintenance award and that the trial court's award cannot be supported by an implied finding under Rule 299.

Furthermore, such an implied finding is supported by the record evidence. In particular, the evidence includes testimony from Sonia that she needs spousal support to get back on her feet as she adjusts to supporting a household and improving her own career. Additionally, both parties submitted budgets detailing their monthly income and expenditures. Specifically, Sonia indicated that her monthly expenses are $9,057. Combining her gross monthly income of $6,333.33 with the $2,565 in ordered child

support, Sonia's total gross income per month is $8,898.33, which is less than the $9,057 in expenses alleged in her monthly budget. This constitutes sufficient evidence that her current earnings and the court-ordered child support do not meet her minimum reasonable needs, as impliedly found by the trial court.

Therefore, considering the evidence in the light most favorable to the trial court's ruling, we conclude that there was some evidence upon which the trial court based its decision that Sonia rebutted the statutory presumption against spousal maintenance and, thus, was entitled to spousal maintenance under section 8.051(2)(B). *See* TEX. FAM. CODE ANN. §§ 8.051(2)(B), 8.053; *see also City of Keller*, 168 S.W.3d at 827; *Slicker*, 464 S.W.3d at 860; *Day*, 452 S.W.3d at 433. As such, we cannot say that the trial court abused its discretion by determining that Sonia was entitled to spousal maintenance in this case. *See Dunn*, 177 S.W.3d at 396; *see also Day*, 452 S.W.3d at 433. We overrule Yossef's first issue.

**C.    Section 8.052 and the Amount of Spousal Maintenance Awarded**

In his second issue, Yossef argues that, even if Sonia was entitled to spousal maintenance, the trial court abused its discretion by awarding her $1,500 per month. More specifically, Yossef asserts that the evidence does not support the amount of spousal maintenance awarded when the factors outlined in section 8.052 of the Family Code are considered. Once again, we disagree.

Once the determination is made that a spouse is entitled to spousal maintenance under section 8.051, courts consider several factors in determining the nature, amount,

duration, and manner of the periodic payments under section 8.052 of the Family Code.

*See* TEX. FAM. CODE ANN. § 8.052 (West Supp. 2018). These factors include:

(1) each spouse's ability to provide for that spouse's minimum reasonable needs independently, considering that spouse's financial resources on dissolution of the marriage;

(2) the education and employment skills of the spouses, the time necessary to acquire sufficient education or training to enable the spouse seeking maintenance to earn sufficient income, and the availability and feasibility of that education or training;

(3) the duration of the marriage;

(4) the age, employment history, earning ability, and physical and emotional condition of the spouse seeking maintenance;

(5) the effect on each spouse's ability to provide for that spouse's minimum reasonable needs while providing periodic child support payments or maintenance, if applicable;

(6) acts by either spouse resulting in excessive or abnormal expenditures or destruction, concealment, or fraudulent disposition of community property, joint tenancy, or other property held in common;

(7) the contribution by one spouse to the education, training, or increased earning power of the other spouse;

(8) the property brought to the marriage by either spouse;

(9) the contribution of a spouse as a homemaker;

(10) marital misconduct, including adultery and cruel treatment, by either spouse during the marriage; and

(11) any history or pattern of family violence, as defined by Section 71.004.

*Id.*

After determining that Sonia was eligible for spousal maintenance, the trial court considered numerous factors, including the property available to both parties; each spouse's ability to provide for that spouse's minimum reasonable needs independently, considering that spouse's financial resources on the dissolution of the marriage; the education and employment skills of the spouses; the duration of the marriage; the age, employment history, earning ability, and physical and emotional condition of Sonia—the spouse seeking maintenance; and Sonia's contribution to the marriage as a homemaker. These factors mirror those articulated in section 8.052 of the Family Code. *See* TEX. FAM. CODE ANN. § 8.052.

Moreover, the record contains ample evidence supporting these factors. It is undisputed that the parties were married for nineteen years and that Sonia spent the marriage dedicated to supporting Yossef in the furtherance of his education and career. Sonia testified that, since 2003, she worked part-time so that she could spend most of her time as a "stay-at-home mom." Sonia works from home as a medical editor; however, since the divorce was filed, Sonia had to increase her work hours. The trial testimony established that, if she lost her existing job, it would be very difficult for her to find a comparable position in the Bryan-College Station area because there is no major medical center. Indeed, Sonia testified that she sought other employment in the Bryan-College Station area, but was unsuccessful. Sonia's ability to find other employment is not only limited by the nature of her job but also the fifty-mile geographic restriction regarding

the designation of the children's primary residence. Also, Sonia testified that she has a rare blood cancer for which there is no remission.

Additional evidence adduced at trial showed that both Yossef and Sonia have advanced degrees—Yossef has a Ph.D. in chemical engineering and Sonia has a Master's degree in writing. And while Sonia earns $76,000 per year, Yossef makes approximately $193,000 per year as a Professor of Chemical Engineering at Texas A&M University. Moreover, the record reflects that the parties decided to use their accrued retirement to purchase their first house. Yossef has had years to replenish his retirement accounts, whereas Sonia has not. And though Sonia testified that, at the time of trial, she had "nothing in retirement," the record includes a statement from Vanguard pertaining to a retirement account solely in Sonia's name with a $15,325.91 balance. Furthermore, the record demonstrates that Yossef agreed to pay $2,565 per month in child support.

Considering the evidence in the light most favorable to the trial court's ruling, we conclude that there was some evidence touching on many of the section 8.052 factors upon which the trial court based its decision regarding the nature, amount, duration, and manner of the periodic spousal-maintenance payments. *See* TEX. FAM. CODE ANN. § 8.052; *see also City of Keller*, 168 S.W.3d at 827; *Day*, 452 S.W.3d at 433; *Slicker*, 464 S.W.3d at 860. Accordingly, we hold that the trial court did not abuse its discretion in this regard. *See Dunn*, 177 S.W.3d at 396; *see also Day*, 452 S.W.3d at 433. We overrule Yossef's second issue.

## II.    THE COMMUNITY ESTATE

In his third issue, Yossef contends that the trial court abused its discretion by awarding seventy percent of the community estate to Sonia.  He specifically challenges the division of the couples' retirement accounts and the role fault in the breakup of the marriage played in the disproportionate division of the community estate.

### A.    Standard of Review & Applicable Law

We review a trial court's division of property under an abuse-of-discretion standard.  *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).  A trial court has wide latitude in the exercise of its discretion in dividing the marital property in a divorce proceeding, and that division will not be overturned on appeal unless the trial court has abused its discretion.  *Id.*  The mere fact that a trial judge may decide a matter within his discretionary authority differently than an appellate judge is not an abuse of discretion. *Jones v. Jones*, 804 S.W.2d 623, 624 (Tex. App.—Texarkana 1991, no writ) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).  To constitute an abuse of discretion, the trial court's division of the property must be manifestly unfair.  *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980).

Section 7.001 of the Family Code provides that the trial court shall, in its divorce decree, order a division of the marital estate in a manner that it deems just and right.  TEX. FAM. CODE ANN. § 7.001 (West 2006).  The trial court is not required to divide the marital estate equally; however, its division must be equitable.  *Zieba v. Martin*, 928 S.W.2d 782,

786 (Tex. App.—Houston [14th Dist.] 1996, no writ). "The trial court's discretion is not unlimited, and there must be some reasonable basis for an unequal division of the property." *O'Carolan*, 71 S.W.3d at 532. In determining whether the division of the community estate is equitable, the trial court may consider the following non-exclusive factors: (1) the spouses' capacities and abilities; (2) benefits that the party not at fault would have derived from the continuation of the marriage; (3) business opportunities; (4) education; (5) physical conditions of the parties; (6) the relative financial conditions and obligations of the parties; (7) size of the separate estates; (8) the nature of the property; (9) disparities in earning capacities and income; (10) the fault of the breakup of the marriage; and (11) any wasting of the community assets by one of the spouses. *Murff*, 615 S.W.2d at 698-99; *see Garcia v. Garcia*, 170 S.W.3d 644, 653 (Tex. App.—El Paso 2005, no pet.).

Furthermore, because the trial court is in a better position to determine the candor, demeanor, and credibility of the witnesses, we will not substitute our judgment for that of the trial court. *See In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting that the trial court is best able to observe and assess witnesses' demeanor and credibility and to sense "forces, powers, and influences" that may not be apparent merely from reading the record on appeal). Instead, we defer to the trial court's resolution of underlying facts and to the credibility determinations that may have affected its decision. *Id.* Thus, an abuse of discretion generally will not occur when a trial

court bases its decision on conflicting evidence. *In re De La Pena*, 999 S.W.2d 521, 526 (Tex. App.—El Paso 1999, no pet.).

**B.    Discussion**

In arguing that the trial court's division of the community estate was an abuse of discretion, Yossef focuses on fault in the breakup of the marriage and the couples' retirement accounts. He does not address the remaining *Murff* factors on appeal.

While there was testimony by both Yossef and Sonia regarding fault in the breakup of the marriage, the trial court, in its conclusions of law, specifically granted the divorce on the ground of insupportability. The record also demonstrates that Sonia, though college educated with a Master's degree in writing, has spent the majority of the marriage as a homemaker, raising the couple's three children. And though she has worked part-time in the past as a medical editor, Sonia put her career on hold to support Yossef as he pursued further educational and career opportunities. This allowed Yossef to increase his earning capacity to the current level of approximately $193,000 per year as a college professor at Texas A&M University, whereas Sonia earns $76,000 per year in her current job.

Additionally, unlike Yossef, Sonia cannot move for other employment opportunities because of the geographic restriction involved in this case, and because of the nature of her job. This significantly limits Sonia's income opportunities. And while Sonia received a disproportionate percentage share of the community estate, the majority

of the assets that she received are not liquid. The house and the retirement funds, which comprise the majority of the community estate that was divided, do not give her immediate access to funds should she have additional needs for the children or for herself should she lose her job. Furthermore, the record reflects that Sonia has a rare form of blood cancer, which she will suffer with the rest of her life. This testimony touches on several of the *Murff* factors and does not demonstrate a manifest unfairness constituting an abuse of the trial court's discretion in the division of the marital estate. *See Murff*, 615 S.W.2d at 698-99; *Mann*, 607 S.W.2d at 245; *Garcia*, 170 S.W.3d at 653; *see also* TEX. FAM. CODE ANN. § 7.001. We therefore overrule Yossef's third issue.

### III. CONCLUSION

Having overruled all of Yossef's issues on appeal, we affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
     (Chief Justice Gray dissenting with an opinion)
Affirmed
Opinion delivered and filed September 4, 2019
Publish
[CV06]

