

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00023-CV

_____

RUPINDER SINGH, Appellant

V.

MANPINDER KAUR, Appellee

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-714780-22

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

On the basis of fraud, the trial court annulled the marriage of Appellant Rupinder Singh (Husband) and Appellee Manpinder Kaur (Wife).

In two issues on appeal, Husband complains that the trial court abused its discretion because (1) the evidence was legally and factually insufficient to support the annulment and (2) the evidence was insufficient to support the reasonableness of the attorney's fees awarded to Wife. We affirm in part and reverse in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Husband and Wife started dating in 2021. Wife was a United States citizen, but Husband was not. At the time, Husband had a pending asylum case from 2016, and he was authorized to work in the United States but otherwise had no legal status to remain within the country.

Husband and Wife became engaged in May 2021 and then, in October 2021, entered into a premarital agreement and married in a courthouse civil ceremony in Texas. They discussed returning to India to also have a traditional wedding ceremony with Husband's family, but Husband's asylum status made this difficult. Husband needed to obtain a green card to be eligible to return after their trip to India.[1]

---

[1]A green card, also known as a Permanent Resident Card, is a document that grants a non-citizen the right to live and work in the United States permanently.

Wife maintained that she was unaware of this issue until after their engagement and that Husband asked her to help him obtain a green card the day after they became engaged. This was particularly upsetting to her because Husband knew that Wife had been married previously and had helped her first husband obtain United States citizenship before he became abusive and they divorced.

After the courthouse civil ceremony, Husband and Wife lived together and made plans for a traditional ceremony in India. They also spoke with an immigration attorney, who explained that Wife would need to help Husband obtain a green card before they could leave the United States. Ultimately, the marriage fell apart, and Husband moved out of the marital home in February 2022. Wife filed her petition to have the marriage annulled, alleging that she had been induced into the marriage by fraud.

After a bench trial, the trial court filed its findings of fact and conclusions of law and signed a decree of annulment that awarded Wife $20,000 in attorney's fees. The trial court found that Husband had induced Wife into the marriage by fraud and that the marriage was voidable, and it concluded that the marriage was null and void. Husband filed motions to reconsider and for a new trial, which appear to have been denied by operation of law. *See* Tex. R. Civ. P. 329b(c), Tex. R. App. P. 21.8(c). Husband appealed

## III. STANDARD OF REVIEW

A trial court's order granting an annulment is reviewed for an abuse of discretion. *Kingery v. Hintz*, 124 S.W.3d 875, 879 (Tex. App.—Houston [14th Dist.] 2003, no pet.). "Under an abuse of discretion standard, challenges to the legal and factual sufficiency of the evidence are not independent grounds for error, rather, they are simply factors in assessing whether the trial court abused its discretion." *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.).

Because there is an overlap between the abuse of discretion and the sufficiency of the evidence standards, an appellate court "engages in a two-pronged inquiry to determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of that discretion." *Day v. Day*, 452 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). For the first prong of this inquiry, appellate courts use traditional legal and factual sufficiency standards. *Id.*

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record bears no evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018).

4

"When a party attacks the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof, it must demonstrate on appeal that no evidence supports the adverse finding." *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam) (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). We must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Anything more than a scintilla of evidence is legally sufficient to support a finding. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003). More than a scintilla exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Gunn*, 554 S.W.3d at 658.

In reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding and order a new trial only if, after considering and weighing all the pertinent record evidence, we determine that the credible evidence supporting the finding is so contrary to the overwhelming weight of all the evidence as to be manifestly unjust, shock the conscious, or clearly demonstrate bias. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

In performing evidentiary-sufficiency reviews, we must be mindful that the fact-finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex. 1986); *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 199, 205 (Tex. App.—

5

Houston [1st Dist.] 2014, pet. denied). The fact-finder is responsible for resolving conflicts in the evidence, and it may believe one witness and disbelieve another. *McGalliard*, 722 S.W.2d at 697. We may not reweigh the evidence and set aside a finding merely because we are of the opinion that a different result is more reasonable. *Pool*, 715 S.W.2d at 634.

For the second prong, appellate courts determine "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the [decision] was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *see Garnder*, 229 S.W.3d at 751.

## IV. DISCUSSION

### A. ANNULMENT

In his first issue, Husband argues that the trial court abused its discretion in annulling the marriage because the evidence was not factually or legally sufficient to prove a fraudulent inducement. We disagree.

A trial court may annul a marriage if "(1) the other party used fraud, duress, or force to induce the petitioner to enter into the marriage; and (2) the petitioner has not voluntarily cohabited with the other party since learning of the fraud or since being released from the duress or force." Tex. Fam. Code Ann. § 6.107.

In determining whether to grant an annulment based on fraud, courts typically look for evidence of fraudulent inducement. *See Villarreal v. Villarreal*, No. 09–09–00319–CV, 2010 WL 2854250 at *5 (Tex. App.—Beaumont May 17, 2010, no pet.)

6

(mem. op.). Fraudulent inducement is a type of fraud. *Tex. S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 914 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Fraudulent inducement is established by proving that a false material misrepresentation was made that (1) was known to be false when it was made; (2) was intended to be acted upon; (3) was relied upon; and (4) caused injury. *Id.* Fraud requires a material misrepresentation. *See Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995). A material misrepresentation, as an element of fraud, means a reasonable person would attach importance to and would be induced to act on the information in determining her choice of action. *Italian Cowboy Partners, Ltd., v. Prudential Ins. Co.*, 341 S.W.3d 323, 337 (Tex. 2011).

## 1. Legal Sufficiency

Husband argues that there is simply no evidence that would support the annulment on the basis of fraud.

To support his argument against fraudulent inducement, Husband points out that he had valid immigration status in the United States and did not need a green card to live or conduct business in the United States. Applying the legal sufficiency standard of review, however, we begin by examining the evidence that supports the finding, while ignoring all evidence to the contrary. *See Dow Chem. Co.*, 46 S.W.3d at 241.

Wife testified that early on in their relationship, she learned that Husband had filed for asylum status in the United States and that the application was still pending.

7

Husband told her that "he's not the person who would ask [her] to file for his paperwork." However, four months into their relationship, Husband and Wife became engaged, and he asked her—a mere day after his proposal—to help him obtain a green card by filing his paperwork. Prior to their engagement, Husband had not asked Wife to help him with his citizenship; however, he was aware that she helped her prior husband with his immigration status.

After the courthouse civil ceremony, Husband again started pushing Wife to help with his green card because of his inability to travel. His request went further by asking her to meet with an immigration attorney to see if and when he could travel to India. Wife noted that Husband's words and actions did not align, as he would claim to not want a green card but repeatedly brought up his expiring work permit and inability to visit family in India. Wife also testified that Husband told her that he paid his sister's sister-in-law $8,000 to gain an immigration benefit, but she backed out. Husband also told Wife that his sister's marriage was not legitimate and that she just married for immigration purposes. Wife later discovered that—despite his pushing for it—Husband had not formalized any plans for their traditional ceremony. Following their separation, Wife claimed that Husband did not attempt to reconcile with her. Husband testified at trial and disavowed Wife's testimony.

As the trier of fact is the sole judge of the credibility of witnesses, the trial court was permitted to believe Wife's testimony and reject Husband's testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). It was the trial court's duty to

8

determine the weight of the evidence and resolve any conflicts. *McGalliard*, 722 S.W.2d at 697.

In the instant case, Husband's representation that he would not ask Wife to file his papers and his failure to disclose the motivating reason for wanting to marry Wife—which was to obtain a green card—was evidenced by his conduct prior to and during his marriage to Wife. Thus, the trial court could have reasonably determined that Husband's conduct before the marriage constituted fraud to induce Wife to marry him and to stay in the marriage until he received a green card.

Considering the evidence in the light most favorable to the finding and indulging every reasonable inference that would support it, we conclude that there is more than a mere scintilla of evidence to support the trial court's finding of fraud. *See Pitzner*, 106 S.W.3d at 727–28. Therefore, we hold that the evidence was legally sufficient to support the annulment on the basis of fraud.

## 2. Factual Sufficiency

Husband next raises a factual sufficiency challenge, claiming that trial court's finding of fraud is contrary to the great weight and preponderance of the evidence. *See Pool*, 715 S.W.2d at 635.

In applying the factual sufficiency standard of review, and considering all of the evidence of fraud, we defer to the fact-finder's resolution of weight and credibility determinations. *See McGalliard*, 722 S.W.2d at 696–97. Husband and Wife were the only witnesses to testify, and each gave their own version of events.

9

In our review of the entire record, and the evidence in support of and against Husband's fraud, we conclude that the trial court's finding is not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242. We hold that the evidence was factually sufficient to support the annulment on the basis of fraud.

### 3 Abuse of Discretion

Given that the evidence was legally and factually sufficient to support the trial court's findings, we conclude that the trial court did not err in the application of its discretion and that the decision to annul the marriage was not arbitrary or unreasonable. *See Worford*, 801 S.W.2d at 109; *Gardner*, 229 S.W.3d at 751. Accordingly, we hold that the trial court did not abuse its discretion in granting the annulment, and we overrule Husband's first issue.

### B. ATTORNEY'S FEES

In his second issue, Husband complains that the trial court erred in awarding attorney's fees to Wife because (1) there was a pre-marital agreement disallowing an award, (2) it produced an inequitable result, and (3) the reasonableness of the amount was not supported by sufficient evidence. We agree on the basis that there is insufficient evidence that the fees were reasonable and necessary.

The granting of attorney's fees is reviewed for abuse of discretion. *In re A.A.L.*, No. 12-11-00161-CV, 2012 WL 1883763, at *2 (Tex. App.—Tyler May 23,

10

2012, no pet.) (citing *In re C.Z.B.*, 151 S.W.3d 627, 634 (Tex. App.—San Antonio 2004, no pet.); *Oake v. Collin Cnty.*, 692 S.W.2d 454, 455 (Tex. 1985).

To recover attorney's fees, the prevailing party must prove that (1) legal authority permits the recovery of attorney's fees, and (2) the requested attorney's fees are reasonable and necessary. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 490 (Tex. 2019). A party seeking attorney's fees bears the burden of proof and must provide enough facts to support the reasonableness of the amount awarded. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020). Whether an award of attorney's fees is reasonable is a question of fact; we review the reasonableness of the amount of the attorney's fees awarded for sufficiency of the evidence. *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 513 (Tex. App.—Fort Worth 2011, pet. denied). When evaluating the reasonableness of an attorney's fee, a court should consider the *Arthur Andersen* factors, including: (1) the time and labor required, the difficulty of the legal issue and the skill required; (2) the likelihood that accepting the employment will preclude the attorney from other employment; (3) the fee customarily charged for similar services; (4) the amount involved and the results; (5) the time limitations; (6) the nature and length of the relationship with the client; (7) the experience, reputation, and ability of the lawyer; and (8) whether the fee is fixed or contingent. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). While these factors are instructive, evidence for each factor is not required to decide reasonableness. *Sundance Minerals, L.P.*, 354 S.W.3d at 514.

11

Following the trial court's ruling on the annulment, Wife's attorney requested attorney's fees, and she had the burden to prove that the requested fees were reasonable and necessary. *See Rohrmoos Venture*, 578 S.W.3d at 490. The following exchange occurred on the issue of her requested attorney's fees:

[WIFE'S ATTORNEY]: I would just call myself for attorney's fees, Your Honor.

THE COURT: I think Mr. Mitchell wants to stipulate to attorney's fees?

[HUSBAND'S ATTORNEY]: I'll stipulate, Your Honor. If she wants to put the number into the record, I'll stipulate.

[WIFE'S ATTORNEY]: You'll stipulate to my qualifications as well?

[HUSBAND'S ATTORNEY]: 100 percent.

. . . .

[WIFE'S ATTORNEY]: Your Honor, I believe I've offered already Exhibit 10, as well as 11[2] as my summary of attorney's fees, and then my supplemented summary of attorney's fees from the date of the first court appearance to today. And the total attorney's fees would be $23,212.35.

. . . .

_____

[2]Wife's Exhibit 10 is "Petitioner's Attorney Fee Summary" and Exhibit 11 is a "Supplemental Petitioner's Attorney's Fee Summary." Each exhibit contains an itemized summary of the fee amount, but neither document provides insight on the difficulty of the legal issue and the skill required; the fee customarily charged for similar services; the time limitations, the nature and length of the relationship with Wife; the experience, reputation, and ability of Wife's attorney; and whether the fee is fixed or contingent.

12

THE COURT: Attorney's fees. And I haven't reviewed your fees. Mr. Mitchell has stipulated to them as being reasonable and necessary for the situation before the Court. And the total amount was how much?

[WIFE'S ATTORNEY]: Just over 23,000, Your Honor. It was -- the amount was in my Exhibit 11. $23,212.35. That includes the Court costs.

THE COURT: I'll have to review your professional statements before I render on that. And I will render on that within this week.

[HUSBAND'S ATTORNEY]: And, Your Honor, I had mine as Exhibit 12. I'm sorry. It's Exhibit 13. I just hadn't offered them. They had been stipulated. So if I could offer them into the record.

"A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto." *Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998) (quoting *Ortega-Carter v. Am. Int'l Adjustment*, 834 S.W.2d 439, 441–42 (Tex. App.—Dallas 1992, writ denied)). A stipulation is not enforceable unless it is in writing, signed and filed with papers as part of the record, or unless it is made in open court and entered of record. Tex. R. Civ. P. 11; *Foote v. Texcel Expl., Inc.*, 640 S.W.3d 574, 585 (Tex. App.—Eastland 2022, no pet.). In construing a stipulation, we must determine the intentions of the parties from the language used in the entire agreement examining the surrounding circumstances. *Humble Surgical Hosp., LLC v. Davis*, 542 S.W.3d 12, 19 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). However, a stipulation should not be given greater effect than the parties intended. *Id.*

We note that later in the hearing, the trial court stated that Husband's attorney stipulated to the Wife's attorney's fees being reasonable and necessary. However, in our review of the entire record, we do not find such a stipulation. It appears that Husband's attorney indeed agreed to the fee amount and the qualifications of Wife's attorney,[3] but he did not expressly stipulate whether the fees were reasonable and necessary. It was the trial court—not Husband's attorney—that stated the fees were purportedly reasonable and necessary.

Just because the parties may have stipulated that Wife's attorney incurred "just over $23,000" in fees does not mean that they stipulated to the reasonableness of the attorney's fees. *See Super Marble, Inc. v. Gentry*, No. 01-96-00952-CV, 1998 WL 821335, at *3 (Tex. App.—Houston [1st Dist.] Nov. 25, 1998, no pet.) (mem. op., not designated for publication) (finding that "the parties did not stipulate to the reasonableness of their attorney's fees" where they left the issue of reasonableness to the trial court's discretion); *see also Bishara v. Tex. Health Harris Methodist Hosp. Fort Worth Inc.*, No. 02-20-00316-CV, 2021 WL 3085748, at *6 (Tex. App.—Fort Worth July 22, 2021, no pet.) (mem. op.) (holding that evidence was insufficient to support attorney's fees award where there was "little to no basis for the court to effectively

---

[3]Husband's attorney seems to have broadly stipulated to the "qualifications" of Wife's attorney, as the specifics of her experience, reputation, and ability are not contained within the reporter's record or clerk's record.

14

evaluate whether the requested attorney's fees [were] reasonable considering the legal work performed").

As to Wife's attorney's fees, the evidence offered at trial was the stipulation that Wife's attorney had incurred $23,212.35 in attorney's fees and a summary of her fee breakdown, which included the action, time expended, hourly rate, and total fee. There was no evidence offered, however, regarding whether the fees incurred by Wife's attorney were reasonable and necessary. The issue is not insufficient documentation of the expended hours and incurred cost, but rather the reasonableness of the value of the requested fees.

Here, the evidence does not provide insight into the expertise required for the services; the fee customarily charged for similar services; the time limitations; or the experience, reputation, and ability of the lawyer. *See Arthur Andersen & Co.*, 945 S.W.3d at 818. Without any of this information, there is little to no basis for the trial court to effectively evaluate whether the requested attorney's fees are reasonable and necessary considering the legal work performed. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012). Absent such a showing, we conclude that there was insufficient information for the trial court to exercise its discretion. *See Rohrmoos Venture*, 578 S.W.3d at 490; *see also Garnder*, 229 S.W.3d at 751. Accordingly, we hold that the trial court abused its discretion in awarding attorney's fees to Wife, and we sustain Husband's second issue.

## V. CONCLUSION

We affirm in part and reverse in part. Tex. R. App. P. 43.2(a), (d). Having overruled Husband's first issue, we affirm that portion of the trial court's judgment annulling the marriage. However, having sustained Husband's second issue, we reverse the trial court's judgment as to the award of attorney's fees and remand this case to the trial court solely for a redetermination of reasonable and necessary trial attorney's fees incurred. *See Long v. Griffin*, 442 S.W.3d 253, 255–56 (Tex. 2014) (per curiam); *El Apple*, 370 S.W.3d at 764; *see also Shouldice v. Van Hamersveld*, No. 09-20-00250-CV, 2023 WL 2027830, at *4 (Tex. App.—Beaumont Feb. 16, 2023, no pet.) (mem. op.) ("When a party seeking to recover attorney's fees presents evidence that isn't sufficiently detailed to prove the fees were reasonable and necessary under a statute authorizing attorney's fees to be awarded, the proper remedy is a remand and not a rendition of the award.").

/s/ Brian Walker

Brian Walker
Justice

Delivered: March 6, 2025

16