# NO. 12-23-00239-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | § | *APPEAL FROM THE* |
| *MARRIAGE OF HEATHER MARIE* | § | *COUNTY COURT AT LAW* |
| *HAAS AND TREVOR JOHN HAAS* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

Trevor John Haas appeals the trial court's final decree of divorce. In a single issue, he contends the trial court abused its discretion in awarding spousal maintenance to Heather Marie Haas. We reverse, modify, and affirm as modified.

## BACKGROUND

After twenty-one years of marriage, Heather filed an original petition for divorce pleading that the marriage had become insupportable and requesting spousal maintenance. She later filed an amended petition alleging Trevor committed adultery. At trial, Trevor admitted committing adultery. The parties testified as to their separate and community assets as well as their incomes and bills. At the conclusion of trial, the trial court granted the divorce, finding that Trevor committed adultery and ordering Trevor to pay Heather $350 per month in spousal maintenance for twenty-four months. The trial court also divided the parties' property. After the decree was reduced to writing, Heather requested findings of fact and conclusions of law, which the trial court entered. This appeal followed.

In his sole issue, Trevor asserts the trial court abused its discretion in awarding spousal maintenance under Chapter 8 of the Texas Family Code. Specifically, he contends the evidence does not support the trial court's finding that Heather could not provide for her own minimum reasonable needs.

**Standard of Review and Applicable Law**

Chapter 8 of the Family Code governs the award of spousal maintenance in a divorce decree. TEX. FAM. CODE ANN. §§ 8.001-.359 (West 2020 & West Supp. 2023); *see also* ***Dalton v. Dalton***, 551 S.W.3d 126, 130 (Tex. 2018) ("In 1995, the Texas Legislature first authorized courts to award a form of involuntary post-divorce alimony referred to as 'spousal maintenance.'"). The Code defines "maintenance" as "an award in a suit for dissolution of a marriage of periodic payments from the future income of one spouse for the support of the other spouse." TEX. FAM. CODE ANN. § 8.001(1) (West 2020).

The Code authorizes trial courts to award spousal maintenance in "very limited circumstances" if the parties meet certain eligibility requirements. ***Dalton***, 551 S.W.3d at 130. Among the possibilities stated in the statute, a spouse may be eligible if she lacks sufficient property, including separate property, on dissolution of the marriage to provide for her minimum reasonable needs, and either (1) has been married to the other spouse for at least 10 years and lacks the ability to earn sufficient income to provide for her minimum reasonable needs, or (2) is unable to earn sufficient income to provide for her minimum reasonable needs because of an incapacitating physical or mental disability. TEX. FAM. CODE ANN. § 8.051 (West 2020). If the spouse is determined to be eligible for maintenance, the court must then determine the nature, amount, duration, and manner of the payments by considering certain listed factors. *Id.* § 8.052 (West 2020). The party seeking spousal maintenance bears the burden to establish the requirements of the statute. *See, e.g.,* ***Marin v. Marin***, No. 03-22-00013-CV, 2023 WL 2776296, at *2 (Tex. App.—Austin Apr. 5, 2023, no pet.) (mem. op.); ***Cooper v. Cooper***, 176 S.W.3d 62, 65 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

We review a trial court's award of spousal maintenance for an abuse of discretion. ***In re Marriage of Elabd***, 589 S.W.3d 280, 283 (Tex. App.—Waco 2019, no pet.). Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its

2

discretion. *Id*.; ***Dunn v. Dunn***, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

**Analysis**

Trevor contends the trial court's award of spousal maintenance is not supported by the evidence. Specifically, he urges that the evidence shows Heather's ability to provide for her own minimum reasonable needs.

At trial, the evidence showed that Heather suffered from a disability called arteriovenous malformation in 2003 while pregnant and after giving birth. However, she started working as a substitute teacher in 2006. After realizing that she could teach with her physical limitations, Heather attended college to become a teacher. She graduated with her bachelor's degree in 2015 and began teaching full-time. Heather graduated with her master's degree in 2019. As of the time of trial, she worked at a local school district and had accepted a position with a different district with higher pay starting in August 2023. Her new job includes a $10,000 per year salary increase.

Both Heather and Trevor testified that he has been sending her money every two weeks out of his paychecks to help with various bills. Trevor testified that the exact amount varied from as low as $400 to as high as $1,071. He includes his half of the bills, as well as assistance for their daughter in college. The couple generally pays their daughter's cell phone bill, car payment, and other various expenses while she is in school.[1] The evidence showed that Trevor paid Heather $20,549 via Venmo since he moved out, which averages to $1,712 per month. Heather asked the trial court for $500 per month for two years in spousal maintenance to "bridge the gap" since Trevor will not be helping with the bills anymore.

Heather testified at trial that her regular monthly bills consist of a $697 mortgage payment, $350 in utility bills, a $300 car payment, a $160 insurance payment, and a $168 minimum credit card payment. These bills total $1,675 per month, but do not include other regular expenses such as gasoline, groceries, or vehicle maintenance. Heather testified to having approximately $49,000 in student loan debt; however, at the time of trial, the loans were in deferment. Heather testified to a current net salary of approximately $2,869 per month, which leaves $1,194 remaining after the stated bills.

---

[1] The trial court stated during the hearing that it would not consider payments made toward the adult daughter's expenses in dividing the marital estate.

As previously stated, the trial court ordered Trevor to pay Heather $350 per month in spousal maintenance for twenty-four months. The trial court also awarded the parties the personal property in their possession, awarded half to each party of all retirement accounts owned as of the date of the divorce, and awarded Heather the community home subject to paying Trevor 45% of the equity as of the date of the hearing. The evidence showed a fair market value of the property as $180,000, with a mortgage balance of $71,640. Therefore, the trial court calculated Trevor's percentage of equity at $48,762, which means Heather's equity is $59,598. Under the terms of the decree, Heather must refinance the house to buy out Trevor's equity or sell the home and pay Trevor $48,762.

The trial court explicitly found that Heather is "unable to earn sufficient income to provide for her minimum reasonable needs." However, the evidence shows that, even before Heather starts her new job with an increased salary, she has $1,194 in discretionary funds after paying the bills evidenced at trial. And, even considering other variable expenses such as vehicle and food expenses, the amounts for which Heather provided absolutely no evidence, Heather failed to establish she lacked the ability to pay those expenses. She testified that she had to pay for items with her credit card, even with Trevor's help, but did not explain why, what, or how much. Furthermore, Heather did not prove she lacked sufficient property on dissolution of the marriage to provide for her needs.

Under Heather's and Trevor's circumstances—married for more than ten years—spousal maintenance is to provide temporary support for a spouse who lacks sufficient property to meet *minimum* reasonable needs and lacks the ability to earn sufficient income to provide for *minimum* reasonable needs. TEX. FAM. CODE ANN. § 8.051(2)(B) (emphasis added). It was never intended to maintain a lifestyle a spouse had been accustomed to living. *See **Fuentes v. Zaragoza***, 555 S.W.3d 141, 171 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (reversing an award of spousal maintenance after trial court focused on the spouse's standard of living prior to divorce rather than the spouse's minimum reasonable needs); ***O'Carolan v. Hopper***, 71 S.W.3d 529, 533 (Tex. App.—Austin 2002, no pet.) (stating purpose of spousal maintenance is "to provide temporary and rehabilitative support for a spouse whose ability for self-support is lacking or has deteriorated over time while engaged in homemaking activities and whose capital assets are insufficient to provide support"). Heather worked as a teacher during the marriage, and she failed to show her incapability of providing for her minimum reasonable needs.

Accordingly, we conclude the evidence is insufficient to support a finding that Heather lacks sufficient property on the dissolution of the marriage and the earning ability to provide for her minimum reasonable needs. ***Saucedo v. Aguilar-Saucedo***, No. 04-21-00298-CV, 2022 WL 4492099, at *3 (Tex. App.—San Antonio Sept. 28, 2022, no pet.) (mem. op.); *see also **Howe v. Howe***, 551 S.W.3d 236, 257 (Tex. App.—El Paso 2018, no pet.) ("Based on the sparse testimony of the minimal reasonable needs for the [w]ife, we conclude that the trial court abused its discretion in awarding spousal support[.]"). Thus, the trial court abused its discretion by awarding Heather spousal maintenance. We sustain Trevor's sole issue.

## DISPOSITION

Having sustained Trevor's sole issue, we ***reverse*** the trial court's spousal maintenance award, ***modify*** the trial court's final divorce decree to delete all awards of spousal maintenance, and ***affirm*** the judgment ***as modified***.

**GREG NEELEY**
Justice

Opinion delivered May 8, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 8, 2024**

**NO. 12-23-00239-CV**

**IN THE MATTER OF THE MARRIAGE OF HEATHER MARIE HAAS AND TREVOR JOHN HAAS**

Appeal from the County Court at Law

of Anderson County, Texas (Tr.Ct.No. CCL22-17703)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **reversed, modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **reversed** regarding the trial court's spousal maintenance award, **modified** to delete all awards of spousal maintenance; **and as modified**, **affirmed**; and that all costs of this appeal are hereby adjudged against the appellee, **Heather Marie Haas,** for which execution may issue, and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*